JOHN STAFFORD

*v.*

THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY.

*Filed at Ottawa June 13, 1885.*

1. FELLOW-SERVANTS—*injury to one from the negligence of another— liability of the common master.* Where one servant is injured by the negligence of a fellow-servant, the duties of both being such as to bring them into habitual association, so that they may exercise an influence upon each other promotive of proper caution, and the master is guilty of no negligence in the employment of the servant causing the injury, the master will not be liable for the injury.

2. SAME—*burden of proof—negligence of master.* In a suit by a servant against his employer to recover damages for a personal injury from negligence of a fellow-servant, if it is claimed that the master was guilty of negligence in selecting or retaining incompetent servants, the burden is on the plaintiff to prove it.

3. MASTER AND SERVANT—*injury to the latter from alleged negligence of the former—liability, when servant takes the hazard of his employment.* If a person knowing the hazards of his employment as the business is conducted, voluntarily continues therein, without any promise of the master to do any act to render the same less hazardous, the master will not be liable for any injury he may sustain therein, unless it may be caused by the willful act of the master.

4. PRACTICE IN SUPREME COURT—*vacating a judgment made under misapprehension of fact.* Where a judgment of this court is entered in vacation, reversing the judgment of the Appellate Court inadvertently, and upon a misapprehension of the facts shown by the record, it will, on its own motion, vacate such judgment and cause the proper one to be entered.

APPEAL from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Peoria county; the Hon. N. M. LAWS, Judge, presiding.

Messrs. WILSON & RAUM, and Messrs. STEVENS, LEE & HORTON, for the appellant.

Messrs. JACK & MOORE, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

There was no oral argument in this case, and it was submitted to us for decision on the printed arguments filed in the Appellate Court, alone. From this fact we were misled, and assumed that the Appellate Court had affirmed the judgment of the circuit court, and that it was only expected that we should pass upon the errors of law insisted upon in the arguments in the Appellate Court. Accordingly, we investigated the questions arising thereon, and being of opinion that the circuit court had, in some of its rulings, erred, in that regard, against the defendant in that court, we filed an opinion in vacation, on the 15th of May, 1885, pointing out wherein we held the circuit court had erred in its rulings, and entered judgment reversing the judgment of the Appellate Court, and remanding the cause. After that opinion was filed, our attention was called to the fact that we had misapprehended the condition of the record, and that the Appellate Court, instead of having affirmed the judgment of the circuit court, as we had assumed, had reversed that judgment, and refused to remand the cause. We thereupon recalled the record in the case, and, of our own motion, we now order the judgment entered in vacation, on the 15th of May, 1885, to be vacated and wholly set aside, and that judgment be now entered (as it would then have been entered had we not then misapprehended the true state of the record) affirming the judgment of the Appellate Court.

The Appellate Court find, and recite in the record, the facts to be different from what they were found to be by the circuit court, and reverse the judgment of the circuit court because of this finding, waiving entirely the question whether the circuit court erred in its rulings upon questions of law, as contended by the defendant in that court. The recital in the record of the Appellate Court, of the findings of that court

upon the questions of fact, is this: "This court finds the facts to be, that the appellee was guilty of contributory negligence and want of ordinary care, which led to the injury complained of in the declaration, without which contributory negligence and want of care such injury would not have occurred, in this, to-wit, that the incompetency and unskillfulness of the engineer, Robert Mack, in manner complained of in the declaration, was as well known to appellee at least thirty days prior to and up to the time of the reception of the said injury by appellee, as it was or could have been known to the appellant, and that such knowledge was, on the part of appellee, full and complete. And the court further finds, that at no time prior to the time the injury was received, in manner charged in the declaration, did the appellee notify the appellant of the incompetent and unskillful character of said engineer, Mack, nor of his deficiency as such engineer, in any way, nor exact or receive a promise from appellant that it would discharge said Mack, or fill his place with a competent engineer, nor did appellee ever complain to appellant, or any of its officers, that said Mack was incompetent or unskillful in his capacity of engineer, but on the contrary, the said appellee, well knowing the unskillfulness and incompetency of said Mack as engineer of said engine, as fully as said unskillfulness and incompetency are charged in said declaration, did not leave the employment of the said appellant, but continued in the employment of appellant, as helper or switchman, working for it in company with said Mack, in manner charged in the declaration, taking his own risks of receiving any injury in said employment on account of the incompetency or unskillfulness of said Mack. The court further finds, that the said appellee and said Mack were fellow-servants in the employment of appellant, in the same line, habitually associated and working together as such servants, in its common employment, on the same engine, prior to and at the time when the appellee received the injury complained

of in the declaration." This relieves us from all inquiry, save whether, on the facts as thus found, the plaintiff below was entitled to recover. (Hurd's Stat. 1880, page 798, sec. 87.) That he was not entitled to recover is not now open to controversy. We are firmly committed to the principles—

*First*—Where one servant is injured by the negligence of his fellow-servant, the duties of both being such as to bring them into habitual association, so that they may exercise an influence upon each other promotive of proper caution, and the master is guilty of no negligence in the employment of the servant causing the injury, the master will not be liable for the injury. *Chicago and Northwestern Railway Co.* v. *Moranda,* 93 Ill. 302; *Chicago and Eastern Illinois Railroad Co.* v. *Geary,* 110 id. 383.

*Second*—If it be alleged the master is guilty of negligence in selecting or retaining an incompetent servant, the burden is on the plaintiff to prove it. *Columbus, Chicago and Indiana Central Railway Co.* v. *Troesch,* 68 Ill. 545; *Chicago and Eastern Illinois Railroad Co.* v. *Geary, supra.*

*Third*—If a person, knowing the hazards of his employment as the business is conducted, voluntarily continues therein, without any promise of the master to do any act to render the same less hazardous, the master will not be liable for any injury he may sustain therein, unless, indeed, it may be caused by the willful act of the master. *Simmons* v. *Chicago and Tomah Railroad Co.* 110 Ill. 340; *Abend* v. *Terre Haute and Indiana Railroad Co.* 111 id. 202; *Missouri Furnace Co.* v. *Abend,* 107 id. 44; *Pennsylvania Co.* v. *Lynch,* 90 id. 334.

The judgment is affirmed.

*Judgment affirmed.*