## THE JOLIET STEEL COMPANY

*v.*

## BENJAMIN SHIELDS.

*Filed at Ottawa October 31, 1890.*

1. NEGLIGENCE—*master and servant—fellow-servants.* Where one servant is injured by the negligence of his fellow-servant, their duties being such as to bring them into habitual association, so that they may exercise a mutual influence upon each other promotive of proper caution, and the master is guilty of no negligence in employing the servant causing the injury, the master will not be liable for the injury. Where,

14—134 ILL.

| 134 | 209 |
| 146 | 548 |
| 146 | 605 |
| 41a | 524 |
| 134 | 209 |
| 147 | 233 |
| 42a | 642 |
| 134 | 209 |
| 152 | 467 |
| 45a | 211 |
| 45a | 454 |
| 134 | 209 |
| 50a | 644 |
| 52a | 424 |
| 52a | 659 |
| 134 | 209 |
| 156 | 553 |
| 134 | 209 |
| 55a | 329 |
| 134 | 209 |
| 68a | 528 |
| 134 | 209 |
| 69a | 612 |
| 70a | 333 |
| 134 | 209 |
| 172 | 318 |
| 173 | 104 |
| 134 | 209 |
| 80a | 364 |

however, one servant is injured by the negligence of another servant of the common master, but not within this description of fellow-servant, the master will be liable.

2. Same—*of the pleadings—in order to charge the common master— for injury to one servant resulting from the negligence of another.* In an action by a servant against his master, it is not sufficient for the plaintiff merely to allege and prove an injury to himself from the negligence of the defendant's servants, generally. It should be averred and proved that the servants whose negligent acts are complained of, were not the fellow-servants of the plaintiff; and the omission of such allegation is not cured by the verdict, but is ground in arrest of judgment.

3. Nothing will be presumed after verdict but what must have been necessarily proved under the averments of the declaration. Any presumption of proof of facts not alleged in a declaration will be rebutted by an instruction to find for the plaintiff, if the jury believe, from the evidence, that the plaintiff was injured in manner and form as charged in the declaration.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Will county; the Hon. Charles Blanchard, Judge, presiding.

This was an action on the case, by appellee, against appellant. The declaration contains two counts. The first alleges possession by appellant, on August 1, 1887, of a steel mill, and that on that date the plaintiff was in the employ of the defendant as a track repairer, and that it was the plaintiff's duty to repair a certain railroad track within the converting mill; that on that day the appellant, by its servants, was piling certain iron molds in the converter, near the railroad track; that it was the duty of the defendant to use due care in placing said molds, so that it should not be dangerous to the safety of other servants who were then engaged in repairing the railroad track; that the defendant, by its servants, carelessly placed one of said iron molds in an insecure and dangerous position near the track, and allowed it to remain so for a long space of time, to-wit, two hours, and while the plaintiff was engaged in repairing the track within the con-

verter, and exercising due care, said mold slipped and fell on the track, and on the foot of the plaintiff, causing such injuries as to require amputation.

In the second count is alleged the possession of the mill known as a converter, in which converter steel was poured from ladles into large molds, and the molds were placed by the servants of the defendant in various positions on the floor of the converter; that plaintiff was in defendant's employ, and it was his duty to repair the railroad track within the converter; that it was the duty of the defendant to keep all appliances and material near the railroad track in a secure and safe condition; that on the date aforesaid, the plaintiff was in the discharge of his duties, and exercising ordinary care, in repairing the railroad track within said converting mill; that the defendant, by its servants, negligently placed a certain mold filled with steel near to said railroad track, in an insecure and unsafe condition, and allowed the same to remain there for three hours, and while the plaintiff was repairing the track, the iron mold, by reason of its insecure position, slipped and fell on said railroad track, and on the leg and foot of the plaintiff, whereby the same had to be amputated.

Appellant pleaded not guilty. Verdict was rendered for appellee, assessing his damages at $3000. Appellant moved for a new trial, and upon that motion being overruled, it moved in arrest of judgment, which motion was also overruled, and the court then entered judgment upon the verdict of the jury. The case was then taken, by the appeal of the present appellant, to the Appellate Court for the Second District, and the judgment of the circuit court was there affirmed. This appeal is from that judgment.

Messrs. GARNSEY & KNOX, for the appellant:

The declaration discloses no cause of action. It avers that appellee was a fellow-servant, with others, in appellant's employ, and that he was injured by negligence of co-employes.

Cooley on Torts, (2d ed.) p. 637, sec. 541; *Railway Co.* v. *Moranda,* 93 Ill. 302; *Stafford* v. *Railroad Co.* 114 id. 247.

The appellee's evidence should have been excluded, for the reason that under the declaration he could not make out a case, and if the evidence did, it was not admissible. The *allegata* and *probata* must agree. *Railroad Co.* v. *Bell,* 112 Ill. 365.

For a clear discussion of necessary averments in a *narr.,* and the effect of a failure to insert them at any time, see *Powder Co.* v. *Tearney,* 131 Ill. 322, and *Bartlett* v. *Crozier,* 17 Johns. 456.

The first instruction was erroneous. It told the jury to find for the plaintiff if the allegations of his *narr.* were proven. The *narr.* being defective, the instruction is erroneous.

The appellee's second, fourth and sixth instructions are erroneous. The fact that there are different departments of labor in an establishment, with separate superintendents, will not relieve those employed in one department from the rule regarding fellow-servants, as to servants employed in another department, when the duties of each, in their common employment, bring them, from time to time, together; nor the fact that in their several departments the employment of each is distinct and different in kind. *Railroad Co.* v. *Moranda,* 93 Ill. 302; 108 id. 580; *Abend* v. *Railroad Co.* 111 id. 202; *Rolling Mill Co.* v. *Johnson,* 114 id. 58; *Railroad Co.* v. *Hoyt,* 122 id. 375; *Railroad Co.* v. *Avery,* 109 id. 314; *Railroad Co.* v. *Geary,* 110 id. 383; *Railway Co.* v. *Morgenstern,* 106 id. 216; 15 Bradw. 138; *Shedd* v. *Moran,* 10 id. 626; *Railroad Co.* v. *O'Bryan,* 15 id. 140; *Railway Co.* v. *Simmons,* 11 id. 153; *Railway Co.* v. *Conkling,* 15 id. 159; *Railroad Co.* v. *Hoyt,* 16 id. 243.

The appellee showed no right of recovery. The court should therefore have taken his case from the jury. If the evidence is such, that in case of a verdict for one party the court must grant a new trial, the court should either exclude the evidence

or direct the jury to find in favor of the other. *Simmons* v. *Railroad Co.* 110 Ill. 346; *Bartelott* v. *International Bank,* 119 id. 259.

Mr. J. W. DOWNEY, and Messrs. HALEY & O'DONNELL, for the appellee:

Section 6, of chapter 7, of the Revised Statutes, provides: "Judgment shall not be arrested or stayed after verdict, * * * or in any way affected, by reason of any of the following imperfections: * * * Fifth, for any mispleading," etc. See *Mechanicsburg* v. *Meredith,* 54 Ill. 84; *Keegan* v. *Kinnare,* 123 id. 280; *Railway Co.* v. *O'Conner,* 115 id. 254.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The rule in this State is, where one servant is injured by the negligence of his fellow-servant, their duties being such as to bring them into habitual association, so that they may exercise a mutual influence upon each other promotive of proper caution, and the master is guilty of no negligence in employing the servant causing the injury, the master is not liable. *Stafford* v. *Chicago, Burlington and Quincy Railroad Co.* 114 Ill. 244; *Chicago and Northwestern Ry. Co.* v. *Moranda,* 93 id. 302; *Chicago and Eastern Illinois Railroad Co.* v. *Geary,* 110 id. 383; *Chicago and Northwestern Ry. Co.* v. *Snyder,* 128 id. 655; *Rolling Mill Co.* v. *Johnson,* 114 id. 57; *Chicago and Alton Railroad Co.* v. *Hoyt,* 122 id. 369. It follows, and is recognized by these cases, that where one servant is injured by the negligence of another servant of the common master, but not within this description of fellow-servant, the master is liable. See, also, *Chicago and Alton Railroad Co.* v. *May, Admx.* 108 Ill. 288; *Chicago and Northwestern Ry. Co.* v. *Snyder,* 117 id. 376; *Chicago and Alton Railroad Co.* v. *Kelly,* 127 id. 637.

In all actions for negligence the burden is upon the plaintiff to allege and prove such negligent acts of the defendant as will entitle the plaintiff to recover. *Chicago, Burlington and Quincy Railroad Co.* v. *Harwood*, 90 Ill. 425; *Chicago, Burlington and Quincy Railroad Co.* v. *Gregory*, 58 id. 272; *Blanchard* v. *Lake Shore and Michigan Southern Ry. Co.* 126 id. 416; Patterson's Ry. Accident Law, sec. 373, and cases cited in note. The words "defendant's servants," clearly include any and all of defendant's servants, and so, necessarily, it is not sufficient, here, merely to allege and prove an injury to the plaintiff from the negligence of the defendant's servants generally, for it is just as consistent with that allegation and proof that the defendant is free of liability as that it is liable. The omission to allege that the defendant's servants causing the plaintiff's injury were not the fellow-servants of the plaintiff, within the description of such servants, *supra,* was not cured by verdict, because the denial of the allegations of the declaration imposed no duty upon the plaintiff in that respect. When he had proved that he was injured by the negligence of the defendant's servants, he had proved all that he had alleged. But, since the defendant was not liable merely because the plaintiff was injured by the negligence of the defendant's servants, he was entitled to contest and disprove that its servants by whose negligence the plaintiff was injured, were such servants as rendered it liable to the plaintiff for their negligence.

The rule being, that nothing will be presumed after verdict but what must have been necessarily proved under the averments of the declaration, the court erred in overruling the motion in arrest. (*Chichester* v. *Vass*, 1 Call, 83; *Bartlett* v. *Crozier*, 17 Johns. 457.) Moreover, any presumption that might, by any possibility, have otherwise been indulged to the effect that the plaintiff was required to make proof that the servants causing the injury were not the fellow-servants of the plaintiff, is precluded by the first instruction given at the instance of the plaintiff, which reads as follows:

"On the part of the plaintiff you are instructed, that if you believe, from the evidence, that the plaintiff was in the employ of the defendant, and that while in such employ, and in the use of due and ordinary care and caution for his personal safety, the plaintiff was injured in manner and form as charged in the declaration, by reason of the negligence of the defendant, then you will find the defendant guilty."

The jury, obeying this instruction, were bound to find for the plaintiff if the plaintiff was injured "in manner and form as charged in the declaration."

For the error indicated, the judgments below are reversed, and the cause is remanded to the circuit court, with leave to the plaintiff, if he shall be so advised, to amend his declaration, and for a trial thereafter *de novo.*

*Judgment reversed.*