## ILLINOIS CENTRAL RAILROAD COMPANY

### v.

## JOHN MORRISSEY.

*Master and Servant — Negligence of Master — Personal Injuries — Switchmen — Fellow-servants—Plaintiff's Familiarity with Condition of Tracks—Instructions—Evidence—Assumption of Risk.*

1. In an action brought against a railway company by a switchman, to recover damages for a personal injury received while in defendant's

service, where the question of the negligence of the company in employing a fellow-servant of plaintiff, and in failing to have the guard-rails of its tracks blocked, was in issue, *held*, that an instruction to the jury which made the defendant liable for the negligence of a fellow-servant, regardless of the general fitness and competency of such servant, or of any negligence of defendant in hiring him, and which also declared an absolute liability of defendant to plaintiff for negligence in respect to its tracks, etc., regardless of plaintiff's knowledge of the manner of their construction, was fatally defective.

2. If a person knowing the hazards of his employment as the business is conducted, voluntarily continues therein without any promise of the master to do any act to render the same less hazardous, the master will not be liable for any injury the servant may sustain therein, unless such injury be caused by the wilful act of the master.

3. General reputation of a servant for competency and care at the time and place of employment, of such character as to imply information to the employer, is admissible as tending to disprove alleged negligence in employing such servant.

[Opinion filed May 20, 1892.]

APPEAL from the Circuit Court of Kankakee County; the Hon. C. R. STARR, Judge, presiding.

Messrs. HARRISON LORING and E. R. WOODLE, for appellant.

Judgment in this case should not have been entered for the plaintiff, because the evidence failed to sustain the verdict, and a new trial should have been granted.

There was no legal duty requiring the railway company to block its frogs and guard-rails. C., R. I. & P. R. R. Co. v. Lonergan, 118 Ill. 45; Rush v. Mo. Pac. R. R. Co., 36 Kans. 129; Mayes v. C., R. I. & Pac. R. R. Co., 63 Ia. 562; St. L., I. M. & S. R. R. Co. v. Davis (Ark.), 15 S. W. Rep. 895; Wood v. Locke, 147 Mass. 604; Grand v. Mich. Cent. R. R. Co. (Mich.), 47 N. W. Rep. 837; Richmond & Danville R. R. Co. v. Rosdon, 12 S. E. Rep. 786; Williams v. Cent. R. R. of Ia., 43 Ia. 396; Seeley v. So. Pac. Ry. Co., 23 Pac. 751; Lake Shore & M. S. R. R. Co. v. McCormick, 74 Ind. 447; McGinnis v. Can. So. Bridge Co., 49 Mich. 466; Smith v. St. L., K. C. & N. Ry. Co., 69 Mo. 32; Sweeney

v. Berlin & Jones Env. Co., 101 N. Y. 520; Meyers v. C., R.
I. & P. R. R. Co., 57 Ia. 555; Mo. Pac. R. R. Co. v. Lewis
(Neb.), 40 N. W. Rep. 401; Appel v. B., N. Y. & P. R. R.
Co., 111 N. Y. 550; Wilson v. Winona & St. P. R. R. Co.,
37 Minn. 326.

The reasonableness of the practice of the appellant in
not blocking its guard-rails under its charter, was a question
for the court and not for the jury. Commonwealth v.
Worcester, 3 Pick. 461.

The testimony of the plaintiff that he was exercising
proper care for his own safety at the time he stumbled and
was hurt, should have been excluded from the jury. So,
also, should the testimony of Logan, one of plaintiff's wit-
nesses, that Morrissey had been doing his work carefully up
to the time of the accident. It was for the jury to draw
the inferences, and for the witness to state only the facts.
1 Thompson on Trials, Sec. 377.

The evidence offered by the defendant as to the reputa-
tion of Albert Rose as a fit person to have charge of the
engine, should have been admitted. 1 Wharton on Evi-
dence (3d Ed.), Sec. 48.

Instructions must be confined to the issues. Mosher v.
Rogers, 117 Ill. 449; Toledo, St. L. & K. C. R. R. Co. v.
Kline, 135 Ill. 41; Chi. & N. W. Ry. Co. v. Snyder, 117 Ill.
380; Bourland v. Gibson, 124 Ill. 605; Brant v. Gallup,
111 Ill. 493; Western Assurance Co. v. Weaver, 23 Ill.
App. 95; Chi., Mil. & St. P. Ry. Co. v. Wilson, 133 Ill. 55;
Chi. & Alton R. R. Co. v. Robinson, 106 Ill. 142; Grim v.
Murphy, 110 Ill. 271.

An instruction assuming as a fact a question at issue is
erroneous. Bradley v. Coolbaugh, 91 Ill. 148; Chi. & Alton
R. R. Co. v. Robinson, 106 Ill. 142; Grim v. Murphy, 110
Ill. 271; Ill. Cent. R. R. Co. v. Zang, 10 Ill. App. 594; Amer.
Ins. Co. v. Crawford, 89 Ill. 62; M. S. & N. I. R. R. Co. v.
Shelton, 66 Ill. 424; Small v. Brainerd, 44 Ill. 355; Chicago
v. Bixby, 84 Ill. 82; Adams v. Smith, 58 Ill. 417; Wilson v.
Bauman, 80 Ill. 493.

Where the evidence is conflicting, or the merit of a case

doubtful, the instructions must be accurate.   An instruction ignoring an important element is erroneous, and in such case is not cured by another instruction supplying the defect.   Ill. Cent. R. R. Co. v. Maffit, 67 Ill. 431;  Holloway v. Johnson, 129 Ill. 367; Wilbur v. Wilbur, 129 Ill. 392; Chi., Burl. & Quincy R. R. Co. v. Mehlsack, 131 Ill. 61; . Lake Shore & M. S. R. R. Co. v. Parker, 131 Ill. 557; Chi., Mil. & St. P. Ry. Co. v. Halsey, 133 Ill. 248; Sandwich v. Dolan, 133 Ill. 177; Chi., Burl. & Quincy R. R. Co. v. Van Patten, 64 Ill. 510; Chi. & N. W. Ry. Co. v. Dimick, 96 Ill. 42; Wabash Ry. Co. v. Henks, 91 Ill. 406; Chi. & Alton R. R. Co. v. Murray, 62 Ill. 326; Toledo, Wabash & Western Ry. Co. v. Eddy, 72 Ill. 138; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; Chi., Burl. & Quincy R. R. Co. v. Payne, 49 Ill. 499; Chi., Burl. & Quincy R. R. Co. v. Lee, 60 Ill. 501; Denman v. Bloomer, 11 Ill. 177; C., B. & Q. R. R. Co. v. Harwood, 80 Ill. 88; I., St. L. & K. C. R. R. Co. v. Kline, 135 Ill. 41.

So, also, an instruction which purports to be complete in its statement of what will authorize a recovery, but which ignores an essential issue of fact, is bad.   North Chi. Rolling Mill Co. v. Morrissey, 111 Ill. 646.

The plaintiff's second instruction is open to the objection already raised to the first instruction, that it was broader than the issues raised by the declaration, and, for that reason, while it sets out an abstract rule of law, in its application to this case it had a tendency to mislead the jury.

The plaintiff's third, sixth and eighth instructions required the jury, in case they should find that the plaintiff had made out his cause of action as alleged in any one of the first, second, third, fourth, fifth, ninth and tenth counts of the declaration, to find their verdict for the plaintiff. These instructions were misleading, and should not have been given.   Chi., Burl. & Quincy R. R. Co. v. Mehlsack, 131 Ill. 61.

The plaintiff's third instruction did not state the law of comparative negligence accurately.   The defendant's neg-

ligence must be gross in itself. Its gross negligence must be the failure on its part to use even slight care. C., B. & Q. R. R. Co. v. Johnson, 103 Ill. 512.

Messrs. W. E. HUGHES and STEPHEN R. MOORE, for appellee.

The law is well settled that where one is injured through the fault of a fellow-servant, who is either incompetent, or careless, or both, furnished by a master who knows, or has reasonable ground for the knowledge of such incompetence or carelessness, the injured servant can recover from the master, for the simple reason that the master is bound to exercise reasonable care in providing competent and careful servants. The liability is not placed on the ground that the other servant was to blame, but it is visited on the master because of a failure on his part to do his duty. This principle is sustained in Rolling Mill Co. v. Johnson, 114 Ill. 57; U. S. Rolling Mill Co. v. Wilder, 116 Ill. 100; Shearman & Redfield on Negligence, Sec. 90; I. C. R. R. Co. v. Jewell, Adm'x, 46 Ill. 99.

The master is bound to a high degree of care and skill in selection of its servants. Richardson v. Cooper, 88 Ill. 270.

The first, second and third instructions are taken from C. & E. I. R. R. Co. v. Hines, 33 Ill. App. 271, where they were commented upon and sustained, and on appeal, 132 Ill. 161, the court holds that it finds "no error in the ruling of the trial court upon any question of law, and we concur in the views expressed by the Appellate Court in regard to the instructions."

In the case of C., B. & Q. R. R. Co. v. Mehlsack, 131 Ill 61, the main controversy was, on the trial, whether the plaintiff, at the time he was injured, was a passenger on the train, or a trespasser, seeking to obtain a ride without the knowledge or consent of the defendant or its employes in charge of the train, and without paying the customary fare; and upon this question the evidence was very conflicting.

The instruction complained of, told the jury that if they believed from the evidence that the plaintiff, while in the

exercise of ordinary care and without negligence on his part, was injured by the negligence of the defendant as charged in the declaration, then the jury should find the defendant guilty.

This instruction is good law in a case as stated in the declaration in the Mehlsack case. But the defense introduced evidence showing that plaintiff was a trespasser stealing a ride. In case he was a passenger, the road owed him one duty, and would be liable, as stated in the instruction. If he was a trespasser, then the road would only be liable in case it wilfully killed him or did negligent acts that amounted to wilfulness. The vice of the instruction is apparent, in taking away from the jury all consideration of the question presented by the evidence, which tended to show that the plaintiff at the time of the injury was attempting to steal a free ride.

MR. JUSTICE CARTWRIGHT. Appellee was in the employ of appellant as a switchman in a yard used for freight purposes at Chicago, and while engaged in that employment as one of a switching crew, consisting of an engineer, a fireman and switchman, on November 26, 1890, lost both feet by being run over by a freight car in the train then being handled by such crew. He brought this suit for damages on account of this accident and recovered $13,916.

The declaration contained ten counts. The first and second counts charged that Albert Rose, the engineer in charge of the switch engine, was incompetent and careless; that he was negligently and knowingly placed in charge of the engine by appellant; and that the injury resulted from his negligence. The third, fourth and fifth counts charged that appellant negligently failed to block the guard-rails in its yard, in consequence of which appellee's foot became fastened and caught in a guard-rail and the injury occurred. The sixth and seventh counts alleged the removal of substance from the guard-rail, and the eighth charged a want of repair, but these counts were abandoned on the trial. The ninth count charged that appellant negligently per-

mitted a pile of ashes, cinders and dirt to be left on the track, upon which appellee stumbled and caught his foot in the guard-rail and was injured. The tenth count charged that appellant negligently failed to fill the spaces between the ties with cinders or other substance, and that in consequence appellee caught his foot and the injury resulted.

On the trial appellee attributed his injury wholly to other causes than unfilled spaces between the ties, and there was no evidence that such unfilled spaces, if they existed, contributed in any way to the injury. It was also admitted that appellee was thoroughly conversant with all the permanent features and conditions of the yard, and the charge in the tenth count may therefore be dismissed from further consideration.

The accident occurred between three and four o'clock in the afternoon while the engine was headed north, and backing slowly south a train of nine freight cars. Appellee had been a switchman for eighteen or nineteen years, most of the time, and had been in the employ of appellant as such from July 15, 1890, up to the time of his injury, mainly in this freight yard. According to his testimony he went in between the fourth and fifth cars from the south end of the train, for the purpose of cutting off the last four cars, so that they could be thrown upon another track. He stated that the pin he should have pulled was a flathead pin and he could not get it; that he tried to get the other one but they were both fast; that the cars were box cars, and he was walking along between them with his feet outside of the rail, holding with his left hand on the hand rail of the ladder on one car, and trying with his right hand to pull the pin, when he stumbled on a pile of dirt or ashes, lying partly inside and partly outside of the rail, and his right foot was thrown between a guard-rail and main-rail a few feet south of the pile and became fastened there; that he was on the east side of the train, being the same side as the engineer, and when caught signaled the engineer with his hand and by screaming at the top of his voice, threw himself away from the cars, and that his feet were run over before the

cars were stopped. In order to charge appellant with responsibility for this injury under the first or second count, it was essential for appellee to prove that the engineer, Rose, was incompetent or habitually careless as a locomotive engineer, so as to be wanting in the requisite care and skill to be intrusted with the engine; that appellant was guilty of negligence in employing him and intrusting him with it, and that appellee was injured in consequence of the negligence or incompetence of such engineer. If there was a failure of proof upon either of these propositions, there could be no recovery. Rose and appellee were fellow-servants, and unless appellant was in fault as employer, it would not be liable for an injury resulting to one from the negligence of the other. So, unless Rose was shown to be wanting in care and skill in general as an engineer, there would be no fault in employing him. If it was not shown that the injury resulted from negligence or incompetence of Rose, it would be immaterial, so far as this claim is concerned, whether he was generally incompetent or habitually careless, because such incompetence or carelessness did not cause the injury. The only obligation of appellant was to use reasonable care to protect appellee from risk on account of incompetent and careless fellow-servants, and it could not be held to warrant the competency of Rose to the appellee.

The evidence introduced by appellee to establish the fact of incompetence on the part of Rose consisted merely of the fact that some time after the accident Rose was firing an engine.

The evidence for appellant was that Rose had been a fireman more than three and a half years before August 18, 1890, when he was promoted to be a yard engineer, which position he filled until the accident and since; that he was a competent and careful man, and that the occasion when he was firing was when he with others went back to firing temporarily when business was dull. It appeared that he had not been a road engineer, and had not taken the examination required of that class of engineers, but had been examined as a yard engineer. Appellee had worked with

him four days before the accident at the same business, and so far as appears did not detect any want of care or skill as an engineer during that time.

Upon the question of the degree of care exercised by appellant in intrusting Rose with the engine, it was sought to prove the general reputation of Rose as an engineer at the time of his employment, and his reputation among other locomotive engineers as to care and skill, but this was not permitted. This evidence would not be competent to prove that Rose was possessed of such qualificatious, but the question was whether appellant had fulfilled its obligation to use reasonable care in his selection? Appellee contends that it was the duty of appellant to ascertain the qualifications of the engineer as a fact. This would not be distinguishable from a duty to warrant his qualifications, which does not appear to be the rule. The question being, with what degree of care or prudence appellant acted in employing the engineer, the information on which it acted, whether derived from general reputation, recommendations, replies to inquiries made in good faith of persons supposed to have knowledge of the fact, or whatever its nature, would seem to be original and material evidence on that question. The general conduct of Rose, affecting the question of his fitness to be intrusted with the engine, was in issue. Appellant was bound to act in his selection upon such information as it had, or by the use of reasonable care might have had as to such general conduct. General reputation for competency and care at the time and place of employment, of such character as to imply information to the employer, is admissible as tending to disprove the alleged negligence in employing him. 1 Wharton on Evidence, Sec. 43.

With regard to the charge of actual incompetence of Rose at the time of the injury causing the same, the evidence of appellee was that the train was moving about as fast as a good walk; that it was proper to uncouple cars while so in motion; that there were five cars and the tender between him and the engineer, and that the nearest wheels that ran over him were within a few feet of him when his foot was

caught. Rose testified that he was looking in the direction in which appellee was last seen, and that he stopped the train as soon as possible after notice, by reversing the engine and applying the air brake. There is nothing in the evidence tending to prove that the train could have been stopped by any engineer in time to avert the accident. Apparently it would be impossible to receive and obey a signal, make the necessary movements, and get the train stopped while moving a few feet. We think the first and second counts were not proven.

It appeared from the evidence that the guard-rails in appellant's yard were not blocked, and that the averments of the third, fourth and fifth counts that they were unblocked were true.

The blocking device consists of a wedge-shaped piece of wood driven between the web of the guard-rail and the main-rail, intended to prevent catching the foot under the head of the rails, and to promote the safety of employes. Appellant has never used or adopted the device, and none of its frogs or guard-rails in this yard, or elsewhere, were supplied with blocking. Appellee had worked in the yard several months and knew these facts respecting it. He had made no complaint on that account and there had been no promise of change nor any expectation that any change would be made. As to these facts, there was no dispute or contradiction on the part of appellee, but they were admitted. The court in giving the law to the jury upon these facts, gave this instruction :

" If the jury believe from the evidence that the defendant company was guilty of negligence in failing and neglecting to use reasonable care to provide and maintain a reasonably safe yard, tracks and guard-rails for its switchmen to work upon, and if you also believe from the evidence that such negligence on the part of the defendant as master, concurred with negligence on the part of the engineer (if the evidence shows he was negligent) in causing the injury to the plaintiff, and that plaintiff himself was using ordinary care at the time, you should find the defendant guilty."

This instruction purported to contain a complete statement of facts that would authorize a recovery, and directed a verdict in case the jury found that the facts existed as stated. If, therefore, any necessary element of liability was omitted, it should not have been given. It not only made appellant liable to appellee for the negligence of a fellow-servant, regardless of the general competency or fitness of such fellow-servant and of any negligence of appellant in employing him, but it also declared an absolute liability to appellee for negligence in respect to its yard, tracks and guard-rails, regardless of his admitted knowledge of the manner of their construction and the fact that he continued to work there without complaint and without promise or expectation of change. Appellee knew that the guard-rails were unblocked, and that he was exposed to hazard on account of their condition. Under these circumstances appellant owed him no duty to make a change in its guard-rails, for, as it is said, the relation of master and servant does not imply an obligation on the part of the master to take more care of a servant than he may be reasonably expected to take of himself. In the case of Stafford v. C., B. & Q. R. R. Co., 114 Ill. 244, it is said that the court are firmly committed to the principle that "If a person, knowing the hazards of his employment as the business is conducted, voluntarily continues therein, without any promise of the master to do any act to render the same less hazardous, the master will not be held liable for any injury he may sustain therein, unless, indeed, it may be caused by the wilful act of the master." See also Pennsylvania Co. v. Lynch, 90 Ill. 333; St. Louis & S. E. Ry. Co. v. Britz, 72 Ill. 256; Missouri Furnace Co. v. Abend, 107 Ill. 44; Abend v. T. H. & I. R. R. Co., 111 Ill. 202; Simmons v. Chicago & Tomah R. R. Co., 110 Ill. 340; C., B. & Q. R. R. Co. v. Merckes, 36 Ill. App. 195; Kolb v. Sandwich Enterprise Co., 36 Ill. App. 419.

Here was an admitted fact of controlling importance in determining the rule of law, which was wholly disregarded in stating the rule in this instruction. As the instruction

directed a verdict in case the facts stated were found to be true, it was not cured by giving instructions inconsistent therewith on the part of appellant.

The modifications of appellant's seventeenth, eighteenth and nineteenth instructions were also erroneous. As modified, they required, in order to defeat a recovery on the first and second counts, that the jury should find against appellee on two of the material charges therein contained. It would be sufficient to defeat such recovery, as before stated, if they should find against him on either one of those propositions.

With respect to the cause of action averred in the ninth count, that appellant was negligent in leaving a pile of ashes, cinders and dirt on the track, the evidence was contradictory as to the existence of such pile. There was also evidence concerning the manner in which the business was ordinarily conducted in that yard in drawing ashes and cinders from the ash pans of locomotives, and the care exercised by appellant to keep the yard safe in that respect, by the employment of men who were constantly engaged cleaning up the yard. As the case will be submitted to another jury, we will not discuss the evidence that was so introduced under that count, nor express any opinion concerning it.

The judgment will be reversed and cause remanded.

*Reversed and remanded.*