## St. Louis, A. & T. H. R. R. Co. v. Corgan.

1. *Master and Servant—Duty of Servants Entering upon Employment.* — A servant, in entering upon an employment, assumes such risks as are usually incident to such employment. He is not bound to investigate or ascertain whether the common master has used reasonable care in the selection of those already employed, and with whom he is to perform his duties.

2. *Master and Servant—Employment of Incompetent Servants—Notice to Employer.*—An employe is warranted in assuming that his employer has discharged his duty in using reasonable care and caution in employing those with whom he is to work, and where he finds any of his fellow-servants incompetent, so that his position is extra hazardous, it is his duty to notify his employer, and if the latter, when so notified, fails to discharge the incompetent servants, unless the employe quits the employment, he will be deemed to have assumed the extra hazardous position.

3. *Master and Servant—Duty in Regard to Incompetent or Habitually Negligent Servants.*—An employer is not to knowingly employ or retain incompetent or habitually negligent servants, and when one servant is injured by the negligence of his fellow-servant, who is incompetent or habitually negligent, of which the master has knowledge, and of which the servant has no notice, the master is liable.

4. *Master and Servant—Incompetent Employes—Burden of Proof.*— In an action to recover for personal injuries resulting from an incompetent or habitually negligent servant, the burden of proving notice to the master retaining such servant is upon the plaintiff.

5. *Evidence—Reputation of a Servant Not Competent.*—Upon the trial of an action against a railroad company for personal injuries, based upon the ground of retaining in its employ an incompetent and habitually negligent engineer, witnesses were called for the express purpose of proving that the engineer was known by the nick-names of "Crazy Pete" and "The Wild Irishman," and were permitted to testify over the objection of the defendants. *It was held* that this evidence was not proper to show either that the engineer was negligent or incompetent, and was prejudicial to the defendant.

Memorandum.—Action for personal injuries. Appeal from a judgment rendered by the Circuit Court of Perry County; the Hon. BENJAMIN R. BURROUGHS, Circuit Judge, presiding. Heard in this court at the August term, A. D. 1891. Opinion filed September 8, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, R. W. S. WHEATLEY, ATTORNEY.

Plaintiff, to recover, must prove, first, that the accident was occasioned by neglect or default of the defendant, and second, that the plaintiff was in the exercise of due and proper care, and that the injury was not the result of his own negligence or want of proper precaution. C., B. & Q. Ry. v. Gregory, 58 Ill. 272.

It was error to allow plaintiff to prove engineer's nickname. Opinions of witnesses should not be received as evidence where all the facts upon which such opinions are founded can be ascertained and made intelligible to the jury. City of Chicago v. McGiven, 78 Ill. 347; Hopkins v. I. & St. L. Ry., 78 Ill. 32; Pen. Co. v. Conan, 101 Ill. 93; Linn v. Sigsbee, 67 Ill. 75.

It is not competent to ask the opinion of a witness in such a way as to cover the question to be found by the jury. Such testimony is nothing more nor less than permitting the witness to usurp the province of the jury. C. & A. Ry. v. Springfield & N. W. Ry., 67 Ill. 142; Henry v. Hall, 13 Brad. 343; Doud v. Guthrie, 13 Brad. 653; Sullwasser v. Hazlitt, 18 Brad. 243; C., R. I. & P. Ry. v. Moffitt, 75 Ill. 524; C. & N. W. Ry. v. Moranda, 108 Ill. 576.

HAWKINS & HAWKINS, attorneys for appellee.

OPINION OF THE COURT, PHILLIPS, P. J.

Appellee brings his action against appellant to recover damage, by reason of having been run over by a train, which caused the amputation of his leg. A trial resulted in the verdict for $2,000, on which judgment was rendered, from which the defendant prosecutes this appeal. The declaration in this case proceeds upon the theory of the right of the appellee, who was head brakeman on a train of appellant, to recover by reason of the negligence of the defendant in retaining in its employ an incompetent and careless, negligent engineer, of which, it is alleged, defendant had notice. A servant, in entering upon an employment, assumes such risks as are usually incident to the employment. He is not bound to investigate, or find out whether the common master had

used reasonable care in the selection of those already employed, with whom he is to perform his duties. A servant is warranted in assuming that his employer has discharged his duty, in using reasonable care and caution in employing those with whom he is to work, and where a servant finds any of his fellow-servants incompetent, so that his position is extra hazardous, it is his duty to notify his employer, and if the latter fails to discharge the incompetent or unfit servant, unless he quits such employment, he will be deemed to have assumed the extra hazardous position. But the master is not to knowingly employ or retain incompetent or habitually negligent servants, and where one servant is injured by reason of the negligence of his fellow-servant, who is incompetent or habitually negligent, of which the master has knowledge, and of which the servant has no notice, the master is liable. U. S. Rolling Stock Co. v. Wilder, 116 Ill. 100. And the burden of proving notice to the master, of retaining an incompetent, or habitually negligent servant, is on the plaintiff. Stafford v. C., B. & Q. R. R. Co., 114 Ill. 244.

In this case we are met at the threshold with the admission of clearly incompetent and improper evidence to show the incompetency or negligence of the servant, whose negligence is alleged to have caused the injury, and to show knowledge on the part of the master. Witnesses were called for the express purpose of proving the engineer was known by the nick-name of "Crazy Pete" and the "Wild Irishman," and numerous witnesses were permitted to answer this question over the objection of defendant's counsel. This evidence would not be proper to show either fact, and could be but prejudicial to the defendant, and the question as to whether the master had knowledge of any incompetency or negligence on the part of the engineer is a close one, as is also the question as to whether plaintiff had knowledge of the character of the servant, and without objection, continued in the employ of the common master, and hence the evidence of the engineer being known by the nick-name of the character such as sought to be proven, could be but prejudicial, and will necessitate a reversal of the case.

The judgment is reversed and the cause remanded.