# James L. Clay v. The Chicago, Burlington and Quincy R. R. Co.

1.  FELLOW-SERVANTS—*One Occupying a Superior Position.*—Where one servant is injured by the negligence of another servant of the common master, the fact that the negligent servant occupies the superior position in the line of employment, such as foreman, engineer or conductor, having the supervision and direction of the work or service, does not affect the question of the master's liability.

2.  MASTER AND SERVANT—*Liability of Master for Negligence of his Servant.*—Where the master delegates authority to a servant, the master may be liable for the consequences of a negligent or wrongful exercise of the authority conferred, but to render the master liable the injury must arise out of, and result from the exercise of, the delegated power.

Memorandum.—Action for personal injuries. In the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Declaration in case; plea, not guilty; verdict for the defendant by direction of the court; appeal by plaintiff. Heard in this court at the May term, 1894, and affirmed. Opinion filed December 13, 1894.

G. E. GLASS, attorney for appellant.

SAMUEL RICHOLSON, attorney for appellee; O. F. PRICE, of counsel.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

Appellant brought this suit against appellee to recover damage for the loss of his leg, which was cut off above the ankle by an engine being started while he was engaged as an employe of appellee under the engine, cleaning the ashes out of the ash pan into the ash pit. At the conclusion of the evidence for plaintiff the court directed a verdict for defendant which was returned by the jury, and judgment was entered accordingly. The grounds alleged, and upon which it was sought to charge the defendant with plaintiff's injury, were that the ash pan was not deep enough for safety, and for that reason defendant had failed in its duty to provide him, as its servant, with a safe ash pit to work in, and that defendant was chargeable with the negligence of its servant who started the engine. The facts proved by the plaintiff were as follows : He was a young man about twenty-one years old. He worked for defendant at the round house and yard in Streator at shoveling coal, drying sand, wiping engines and doing whatever he was directed, from August 12, 1890, to September 16, 1890, when the accident occurred. McDaniels was foreman at the round house and hired plaintiff, and Mooney was a hostler with whom plaintiff worked as helper. In caring for an engine and preparing it to go out on the road, it was the duty of the hostler and his helper to take it to an ash pit and clean the ash pan by raking the ashes into the pit. The ash pit in which the injury occurred was twenty-six feet long and

eleven inches deep and the engine came within a few inches of the top of the rail. Plaintiff had worked in that pit once or twice about four or five days before the accident. On the evening that he was hurt he and Mooney took an engine, filled it up with water and coal, cleaned out the ashes and put it in the round house, and took another engine to give it the same treatment. After putting in coal it was run over the ash pit. The relations of plaintiff and hostler were similar to those of a fireman and engineer of a locomotive. The hostler ran and managed the engine, and it was the duty of plaintiff, as helper, to go under the engine and scrape the ashes out of the ash pan. He was under for that purpose, and as he was drawing the ashes out and lying partly down on one knee and elbow the hostler started the engine backward, and to escape being drawn into burning coals and cinders he tried to get out at the side and his leg was run over and cut off. The ash pit was of the same depth that it had been for many years and in the same condition, except as it would become filled with ashes and emptied from time to time.

There was no evidence tending to show, nor is it claimed that the ash pit was not entirely safe for the servants of defendant in the usual and proper method of its use. The only danger that could arise would come from the negligent and improper starting of an engine while some person was under it, in which event a greater depth would make it easier to avoid such danger. The immediate cause of plaintiff's injury was the negligent starting of the engine by the hostler; but so far as the depth of the ash pit could be treated as contributing to plaintiff's injury, either as an efficient cause in and of itself, or as concurring with the negligence of the hostler to constitute in combination such cause, the evidence showed that there could be no recovery against defendant, because the depth and nature of the ash-pit, the amount of space it contained when an engine stood over it, and all the dangers arising from its condition were open and obvious to plaintiff, and known to him both by observation and experience in going into and working in it.

Simmons v. Chicago and Tomah R. R. Co., 110 Ill. 340; Abend v. T. H. & I. R. R. Co., 111 Ill. 202; Stafford v. C., B. & Q. R. R. Co., 114 Ill. 244.

But it is argued that defendant was liable for the negligence of the hostler on the ground that he stood in the relation of a foreman to the plaintiff and in what he did was a representative of defendant. Where one servant is injured by the negligence of another servant of the common master, the fact that the negligent servant occupies the superior position in the line of employment, such as foreman, engineer or conductor, having the supervision and direction of the work or service, does not affect the question of the master's liability. Cooley on Torts, 562; C. & A. R. R. Co. v. May, 108 Ill. 288; Abend v. T. H. & I. R. R. Co., *supra.* Where the master delegates authority to a servant the master may be liable for the consequences of negligent or wrongful exercise of the authority conferred, but to render the master liable, the injury must arise out of, and result from, the exercise of the delegated power as held in C. & A. R. R. Co, v. May, *supra,* in which the master was held liable because May's death was the direct result of an improper and inconsiderate order of the foreman. It was upon the same principle that the master was deemed responsible in Chicago Anderson Pressed Brick Co. v. Sobkowiak, 45 Ill. App. 317, and 148 Ill. 573. There was no such element in this case. The duty performed by plaintiff was the same and was performed in the same way as usual. There was no direction by the hostler as to the method of doing the work or any order which increased the usual hazard of the undertaking. There could be no question that plaintiff was a fellow-servant of the hostler.

There was no evidence tending to prove a cause of action against defendant, and the direction to find in its favor was right. The judgment will be affirmed.