## Richard Clark and William Loveday v. Stephen Liston.

1. MASTER AND SERVANT—*Duties of Master Do Not Apply to Tearing Down Buildings.*—In the destruction of a building there is no attempt or obligation to make it secure; the work of removal is one in which in turn each part of the structure is rendered insecure; this every workman understands and must be governed accordingly.

2. SAME—*Demolition of Buildings.*—A person engaged in the demolition of a building, is not bound to furnish his workman a safe place in which to work, but is under an obligation not to send him into a place known to be dangerous.

**Memorandum.**—Action for personal injuries. Error to the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed April 5, 1894.

The opinion states the case.

WALKER & EDDY, attorneys for plaintiffs in error.

ANDREW J. HIRSCHL and DAVID J. WILE, attorneys for defendant in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The defendant in error was employed by the plaintiffs in error to work in tearing down a large four-story brick and stone building in Chicago. The work of destruction began at the roof and progressed downward. The defendant in error, Liston, had been engaged upon this work for some twenty days. Upon the morning he was injured he was put to work at removing lath. At this task he was on the

second floor, the stones above having been removed. Stepping along on the edge of the joists he approached a space where had been a stairway. It appears that in removing the stairway at this point, the support at one end of one or more of the joists of the floor had been removed, and as Liston stepped on one of these joists, it tipped up and he fell into the cellar beneath, breaking his leg.

The declaration in this case proceeds upon the theory that it was the duty of his employers to have had the joists upon which it was necessary he should walk, so fastened that he would be safe in doing the work he was employed to do; that the joists were improperly secured, of which his employers had knowledge and he was ignorant, and in consequence thereof he fell and was injured.

It is manifest that in the destruction of a building, there is not an attempt or obligation to make it or any part thereof secure; on the contrary the work of removal is one in which, in turn, each part of the structure is rendered insecure; this every workman understands.

Plaintiffs in error were not bound to furnish Liston a safe place in which to work; while they were under an obligation not to send him into a place they knew to be dangerous, and he could not by the use of ordinary care perceive to be so, it was also their duty, not, without notice to him, to so change the place where they put him at work, as to make such place more insecure.

The first instruction given for the plaintiff below, while entirely proper in some cases, is hardly applicable either under the declaration or facts of this case; for the reason that in the work being done there was no thought in the mind of any one that reasonably safe places for the performing of work were to be provided and maintained. Unless it be scaffolding or ladders, no places for the performance of such work are provided or maintained; neither walls nor floors are provided or to be maintained; they are in existence, as is a forest, and are to be cut or torn down.

The evidence is not that the joists upon which Liston stepped had been rendered insecure after he was put at

work removing lath; so far as appears, the support of the joist was the same the morning when he went to work that it was when he fell, and it seems that by the exercise of ordinary care he would have ascertained the lack of support which occasioned his fall.

As the case must be reversed and a new trial awarded, we refrain from further comment upon the evidence. Reversed and remanded.