# John B. Legnard v. August Lage.

1. **MASTER AND SERVANT**—*Hazard of the Employment.*—If a person knowing the hazard of his employment as the business is conducted, voluntarily continues therein, without any promise of the master to do any act to render the same less hazardous, the master will not be liable for any injury therein, unless, indeed, it may be caused by the willful act of the master.

**Memorandum.**—Action for personal injuries. In the Circuit Court of Cook County; the Hon. THOMAS B. WINDES, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Judgment affirmed. Opinion filed January 10, 1895.

APPELLANT'S BRIEF, E. K. SMITH, ATTORNEY.

A servant knowing the hazard of his employment as the business is conducted, if injured while engaged therein, can not maintain an action merely on the ground that there was a safer mode in which the business might have been conducted, the adoption of which would have prevented the injury. Anderson P. B. Co. v. Sabkowiak, 148 Ill. 573; Id., 38 Ill. App. 531; Robinson v. M. Ry. Co., 25 N. Y. Supp. 91.

A servant assumes all the risks ordinarily incident to the employment. Consolidated Coal Co. v. Haenni, 146 Ill. 614.

An employe who contracts to perform labor or render service for another, takes upon himself those risks which are usually incident to the employment engaged in. 2 Thompson on Trials, 1695; Starne v. Schlothane, 23 Ill. App. 99; Herdman, H. M. Co. v. Spehr, 145 Ill. 329.

An employe assumes not only the risks which always attend his employment, but those also which commonly do so. G. C. & S. T. Ry. Co. v. Kizziah, 23 S. W. Rep. 578.

When a servant continues in his employment, knowing the dangers of the service, he can not, after an injury, complain that the danger might have been lessened by the master. Sullivan v. India Mfg. Co., 113 Ill. 396; Combs v. New Bedford C. Co., 112 Ill. 596.

Where dangers are known and obvious, one voluntarily incurring them can not recover for injuries suffered in consequence. Ill. R. P. Co. v. Albert, 49 Ill. App. 363; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; St. L. & S. E. Ry. Co. v. Britz, 72 Ill. 256; C. & A. R. R. Co. v. Munroe, 85 Ill. 25; Penn. Co. v. Lynch, 90 Ill. 333; Stafford v. C., B. & Q. R. R. Co., 114 Ill. 244.

If the injured party was not negligent in not foreseeing the danger, which there was no reason to suspect, then the same rule should apply to the other party, and he was not negligent in not using means to prevent the accident. Dunham v. Dandelin, 41 Ill. App. 175.

The appellant did not insure the safety of the appellee. If neither observation nor experience suggested any danger in pursuing the ordinary and usual course in the conduct of the business, there is no negligence in continuing that course. The conduct of both parties is on trial. Wells v. Miskowicz, 50 Ill. App. 452.

As between master and servant no presumption of negligence arises on the part of the master from the mere fact that the servant has been injured while in his employ. I. C. Ry. Co. v. Houck, 72 Ill. 287; East St. L. P. Co. v. Hightower, 92 Ill. 139; Lack v. Dolese, 137 Ill. 139.

An employe who knows, or by the exercise of ordinary diligence could know, of any defect or imperfection in the things about which he is employed, is presumed to have assumed all the consequences resulting from such defects, and to have waived all rights to recover for injuries caused thereby. 2 Thompson on Trials, 1740.

If the plaintiff, by his own negligence, directly contributes in any way to the injury sued for, he can not recover. 2 Thompson on Trials, 1254, 1679–1721; Kipperley v. Ramsden, 83 Ill. 354.

CASE, HOGAN & CASE, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant employed the appellee as one of several men who worked together in excavating, with a steam

shovel, clay from the side of a bank about twenty feet high, for brick making.   It would add nothing to an understanding of the case to describe at length the part each man took in the work.   The condition of the bank beside which they worked was visible to all of them, and if any of them saw what appeared to be dangerous overhanging of the bank, one particular man of the set would go up and push it down.

The appellee offered some evidence that it was customary in such work to keep one man at the top of the bank to "cave it down."   Whatever that evidence may prove, the appellee knew no such custom was observed at the bank where he was at work.

There is no single circumstance—nothing—by which this case can be distinguished in favor of the appellee, from the many which are governed by the third principle stated in Stafford v. C., B. & Q. R. R., 114 Ill. 244, as follows:

"If a person, knowing the hazard of his employment as the business is conducted, voluntarily continues therein, without any promise of the master to do any act to render the same less hazardous, the master will not be liable for any injury he may sustain therein, unless, indeed, it may be caused by the willful act of the master."   The age of the appellee does not appear, but it is fairly inferable that he was neither a boy nor an old man.   He had worked at the like work for a considerable time.   He had seen pieces of clay fall from the bank.   In fact, the case shows that he had just the same means of knowing the danger in working alongside that bank that his fellows had, and better means than had the appellant.

A large piece of clay fell from the bank, striking the appellee, and as a result his leg was so crushed that amputation followed.   For that injury he has recovered in this case.   It seems hard that he must suffer without remedy—bearing his loss alone—but the law is against him.   The judgment is reversed and the cause remanded.