## Franz Stobba v. Fitzsimmons & Connell Company.

1. ORDINARY CARE—*Failure to Exercise.*—A failure to exercise ordinary care will prevent a recovery.

Trespass on the Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Submitted at the March term, 1895, of this court. Affirmed. Opinion filed April 22, 1895.

E. P. LANGWORTHY and McCRACKEN, TRAINOR & CROSS, attorneys for appellant.

BALL, WOOD & OAKLEY, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action to recover for personal injuries sus-

tained by appellant while in the service of appellee, engaged in measuring timber being unloaded upon a dock.

Appellant had worked off and on in that yard for three years, was familiar with the business as there done and with all the appliances and apparatus for carrying it on. The lumber was lifted off the dock by a derrick and swung to the place where it was to be dropped.

The tongs by which the timber was grasped did not always maintain their hold. A number of times on the morning during which appellant was injured, the timber slipped from the grasp of the tongs and fell upon the dock.

Appellant's duty was to tally the timber as it came upon the dock, and this duty he could perform while the crane was being swung toward the boat, to there pick up timber. Appellant was standing on a plank which projected beyond the dock. A timber dropped upon this plank tipping one end of it up so that he was thrown into the air and injured.

It does not appear that it was necessary for appellant to have been upon this plank, or that this was a place where, in the exercise of ordinary care, he would have been. That, standing on one end of a plank so balanced, timber falling upon the other end was liable and likely to give appellant a dangerous throw, was apparent; that timbers were liable to fall he well knew. Appellant failed to show that he was exercising ordinary care.

It is contended that appellant was injured in consequence of the machinery used by appellee being defective. The only defects in the machinery are those of which appellant had, by testimony of his own witness, full notice. He knew that the hooks of the tongs were not such as to always maintain their clasp.

A failure to exercise ordinary care will always preclude a recovery. Jerseyville v. Kingston, 15 Ill. App. 163; Abend v. Indianapolis & St. Louis Ry. Co., 113 Ill. 386; C. B. & Q. Ry. Co. v. Swanson, 103 Ill. 512, 521.

The judgment of the Superior Court is affirmed.