## Julius Tesmer v. Joseph L. Boehm.

| 58 | 609 |
|----|-----|
| 91 | 272 |

| 58 | 609 |
|------|-----|
| e109 | 408 |

| 58 | 609 |
|-----|-----|
| 112 | 487 |

1. **Master and Servant**—*Notice to Master of Defective Instruments— Where the Rule Does Not Apply.*—The rule that if a servant, who is aware of a defect in the instrument with which he is furnished, notifies the master of such defect, and is induced, by the promise of the latter to remedy it, to remain in the service, he does not thereby assume the risk of such defect until after the master has had a reasonable time to repair it, does not apply to cases where neither the master nor servant contemplate any additional danger to the servant in the use of the defective instrument, but only imperfections in the work done by it.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding. Heard in this court at the March term, 1895. Reversed and remanded. Opinion filed May 16, 1895.

A. J. Elvig, attorney for appellant; Lynden Evans, of counsel.

Case, Hogan & Case and Albert Wahl, attorneys for appellee.

Mr. Justice Gary delivered the opinion of the Court.

The appellant is a manufacturer of furniture. The appellee worked for him on a machine called a shaper, which it is unnecessary to describe, but which the appellee in his testimony said is a dangerous machine to work at.

He had worked at such machines before. He testified that when he first went to the machine with the appellant, he saw that the top—a table—was cracked, rough, and in bad condition; and told the appellant that if he wanted to turn out good work on the shaper he would have to fix the top; and that the appellant said that he had the lumber for the top in the drying room, that he wanted to put a top on long ago but did not have the time, and that just as soon as he had time, they would have the lumber glued up, and have the new top fixed; that the top would be fixed.

We recognize, and already at this term, Sendzikowski v. McCormick Har. Mach. Co., 58 Ill. App. 418, have acted upon the rule, that " if a servant who is aware of a defect in the instruments with which he is furnished, notifies the master of such defect, and is induced, by the promise of the latter to remedy it, to remain in the service, he does not thereafter assume the risk from such defect until after the master has had a reasonable time to repair it, unless the defect renders the service so imminently dangerous that no prudent person would continue in it;" quoted from Gowen v. Harley, 56 Fed. Rep. 975. Even this rule is illogical, though just, when the relative liberty of action of the master and of the servant is considered. But what application has the rule to a case where neither master nor servant contemplated any additional danger to the servant in the use of the defective instrument, but only imperfections in the work done with it, and where the promise is not to remedy the defect within a reasonable time, or generally without any reference to when, but specially, stating that he had wanted to do so long ago, but had not had the time, and would do it at some unmentioned time in the future when he should have time ?

Being himself a practical mechanic accustomed to work at a shaper, the appellee knew whether the condition of the top rendered the shaper—a dangerous machine at best— more dangerous, as well, and probably better, than did the appellant; and yet he only spoke of not turning out good work upon it. Both master and servant should have fair treatment and equal justice.

The third principle laid down in Stafford v. C., B. & Q. R. R., 114 Ill. 244, on which we acted in Legnard v. Lage, 57 Ill. App. 223, governs this case. There was no promise by the appellant to do any act to render the hazards less dangerous. Neither the appellant nor the appellee had any idea that a new top or table would have that effect. Upon the evidence the court should have granted a new trial.

The defects in the abstract do not touch that point, but generally in making abstracts it would be well to remember Goldsmith's criticism that the picture would have been better painted had the painter taken more pains.

The judgment is reversed and the cause remanded.