## Hermann Mueller v. Charles Schwecht.

1. CARE—*To Avoid Damages—Demolition of Buildings.*—The demolition of buildings necessitates the falling of materials, and persons upon the premises should use care in going about them, to avoid danger.

2. DEMOLITION OF BUILDINGS—*Duty of the Owner.*—In tearing down a building there is no duty to anticipate and guard against the dangers to which others there employed may be exposed.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed March 3, 1896.

RUBENS & MOTT, attorneys for appellant.

CHYTRAUS & DENEEN, attorneys for appellee.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This is an action on the case by the appellee against the appellant, for injuries which the appellee received from brick

Mueller v. Schwecht.

falling upon his head from a wall of a building which had been burned out, part of which wall the appellant, by his workmen, was taking down preparatory to rebuilding. The appellant was a mason contractor.

The appellee was a carpenter employed at the building. He was injured in going out of a door about twelve feet high and eight wide, opening to the street, above which door laborers employed by the appellant were engaged in tearing down the brick wall.

There is an irreconcilable conflict in the testimony as to the kind of scaffold used by the laborers; as to the obstruction of the doorway by debris; as to the laborers and their work being visible from the inside of the building, and when they began throwing down the bricks; but none at all as to the fact that the appellee took no precautions, nor made any investigation as to the safety of using that door.

The verdict is upon the theory that in tearing down a building, there is a duty to anticipate and guard against the dangers to which others there employed may be exposed. We have not so understood the law.

The demolition of buildings necessitates the falling of materials. Whoever is upon the premises should use some care in going about them to avoid going into danger.

There is no evidence that the appellant had any reason to expect that any one would go under the work that was being done.

The principles of Angus v. Lee, 40 Ill. App. 304; Clark v. Liston, 54 Ill. App. 578; Funk v. Piper, 50 Ill. App. 163; Campbell v. Mullen, 60 Ill. App. 497; Legnard v. Lage, 57 Ill. App. 223; Kammerer v. Gallagher, 58 Ill. 561; Stobba v. Fitzsimmons, 58 Ill. App. 427, and Clark v. Murton, No. 6003 this term, apply to this case, though the circumstances are variant.

The judgment is reversed and the cause remanded.