## Westville Coal Company v. A. J. Milka.

1. MASTER AND SERVANT—*Hazard Assumed by Servant.*—Where a boiler inspector saw and knew the conditions that surrounded him when making an inspection, and from his knowledge and experience knew as well or better than the owner of the boiler or its engineer whether these conditions were such that he could safely make the inspection, he must be held to have assumed the risks involved as incident to the employment in which he was engaged.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1897. Reversed. Opinion filed June 3, 1898.

W. J. CALHOUN and H. M. STEELY, attorneys for appellant.

G. G. MABIN and S. M. CLARK, attorneys for appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF THE COURT.

This was an action on the case by the appellee against the appellant to recover damages for a personal injury, commenced and prosecuted to judgment in the Circuit Court of Vermilion County. The trial was by jury, and a $100 verdict for the appellee.

The appellant brings the case to this court by appeal, and urges as grounds for reversal that the verdict is against the evidence, and that the court erred in its rulings on the instructions.

The declaration alleges that the appellant was operating

a coal mine at Westville, Illinois, and used an engine and boilers in connection therewith; that it employed the appellee to examine and inspect the boilers, he being competent for that purpose, whereupon it was the duty of the appellant to have the fire and ashes cleaned out of the "combustion chamber" connected with the boilers, so that the inspection and examination could be safely made. It then charges the appellant with negligently permitting fire and ashes to remain in the "combustion chamber;" that the engineer in charge of the engine and boilers for the appellant informed the appellee that the boilers and the connections were all right for inspection; that the appellee, relying upon the engineer's statement, proceeded to inspect the boilers, and while in the exercise of due care and caution for his own safety, and properly performing that duty, he slipped and fell into the hot fire and ashes in the "combustion chamber" and was badly burned thereby.

The plea was not guilty.

The proof shows that when the appellee was employed to inspect the boilers in question, he was shown them while in use. He then arranged with the engineer in charge to come the following Sunday morning to begin the inspection, the engineer promising to let the fires go out on Saturday, and to clean and wash out the boilers so that they could be inspected that morning. On the morning arranged for, the appellee came before the engineer had come from breakfast, and finding the fires out and the boilers cleaned, began the work of inspection. He went into the fire box under the south boiler, and was at work there when the engineer came. A short time thereafter, he, while on the "bridge-wall" that separates the fire box under one end of the boiler, from the "combustion chamber" under the other end, fell into the "combustion chamber," in which there were hot ashes and burning soot, and was badly burned.

He could, and did see, when in the fire box, that the "combustion chamber" was partly filled with ashes and soot, and from its appearance, location, and shortness of time since he knew there had been fire under the boilers, he must have known as well as the engineer that it was likely

hot enough to burn him. He also saw the "bridge-wall" separating the fire box from the "combustion chamber" before he got on it, and all the surroundings, and was as fully informed of them as the engineer in charge, so that he was not misled by any statement made by the engineer as to the conditions then around him when he fell into the hot ashes and burning soot in the "combustion chamber." . We conclude, therefore, that he assumed the risk of falling into these hot ashes and burning soot, and can not recover for the injuries sustained thereby. He represented to the appellant that he possessed the requisite experience, knowledge and skill to inspect these boilers; he saw and knew the conditions that surrounded him, when making the inspection, and knew better than the appellant or its engineer, whether these conditions were such that he could safely inspect this boiler. He assumed it was safe, and misjudged it, and must bear the injury he received, as it was a risk incident to the employment in which he was then engaged. Peoria, D. & E. Ry. Co. v. Hardwick, 53 Ill. App. 161; The Herdman-Harrison Milling Co. v. Spehr, 145 Ill. 329.

Finding the facts in this record to be as above stated, the verdict was against the evidence, and the Circuit Court erred in not giving the instruction to the jury to find the defendant not guilty as requested by the appellant.

For this error we reverse the judgment of the Circuit Court in this case.

Judgment reversed.

FINDING OF FACTS BY THE COURT TO BE INCORPORATED IN THE FINAL JUDGMENT.

The court finds that the appellee knew the ashes and burning soot were in the combustion-chamber under the boiler he was inspecting for the appellant, before he fell into the same, and assumed the danger of being burned thereby while inspecting said boiler, hence he can not recover for the injuries sustained in falling therein, as claimed in this case.