Wells v. Bourdages.

## Warren A. Wells, Addison E. Wells and Fred. A. Wells v. John Bourdages.

88    473
a193s  328

88    473
a193s  328

1. NEGLIGENCE—*Concurring and Proximate Causes.*—Where the negligence charged is the proximate cause of the injury and some other act a concurring cause, such concurring cause will not free the defendant from liability.

Action in Case, for personal injuries.    Appeal from the Superior Court of Cook County; the Hon. MARCUS KAVANAGH, Judge, presiding.

Heard in this court at the October term, 1899.    Affirmed.    Opinion filed
April 16, 1900.

**Statement.**—Appellee brought this suit to recover damages for personal injuries sustained, as is alleged, through the negligence of appellants.

Appellants, at the time in question, were building contractors, and engaged in reconstructing a building in the city of Chicago. Appellee was in their employ as a laborer. In the building where the work was done there was a temporary hoist or elevator, used in the work of reconstruction. It was a double platform hoist, so arranged that while one platform went up, the other would descend in an open shaft. Appellee was under the control and direction of Stesler, appellants' general superintendent, and of Castor, a sub-foreman.

At the time of the injury appellee had been ordered by Stesler, the superintendent, to go upon the hoist or elevator to repair the guides upon which it ran up and down, and otherwise put it in good running condition. Stesler notified Castor, the sub-foreman, that appellee was so engaged, and that when appellee had the elevator in shape, Castor would be informed thereof. While appellee was upon one of the platforms of the elevator at the main floor, and was about to be lifted to the second floor, where he had to repair one of the approaches to the elevator, and before Castor had received any information that appellee's work was completed, Castor ordered a laborer, Nelson, to wheel a load of brick upon the other platform of the elevator, which was then at the eighth floor. While Nelson was obeying this order of the foreman a bell was rung by some one, which was a signal to the engineer to start the elevator. The engineer started the two platforms of the elevator in motion while appellee with his tools was upon the lower of the platforms to be carried up to the second floor, and by this movement of the mechanism of the double elevator the upper platform, upon which Nelson was loading the brick, was dropped away from the eighth floor. The result was that the load of brick was spilled off from the upper platform by the move-

ment, and part of the same fell from the eighth floor to the lower platform, which was just leaving the main floor, and falling upon appellee, injured him.

There is some conflict in the evidence, but it sufficiently establishes the foregoing facts to warrant a jury in basing a verdict upon such facts.

The trial resulted in verdict and judgment for appellee in the amount of $4,800, from which judgment this appeal is prosecuted.

John A. Post and O. W. Dynes, attorneys for appellants.

E. S. Cummings, attorney for appellee.

Mr. Presiding Justice Sears delivered the opinion of the court.

It is contended by counsel for appellants that the evidence fails to show any negligence of appellants as a cause of the injury. This contention can not be sustained. We are of opinion that the evidence fully warranted the jury in finding that appellants, through their vice-principal, were guilty of negligence, and that such negligence was a proximate cause of the injury to appellee. Two of the representatives of appellants, who stood in the relation of vice-principal, had control of the services of appellee. One of them, Stesler, the superintendent, with the knowledge of the other, Castor, the foreman, directed appellee to go upon the elevator to make certain repairs. At the same time Castor was notified of appellee's occupation, and that when the repairs were finished and the elevator ready for use, appellee would so inform him. With the knowledge that appellee had gone upon the lower platform of the elevator and without waiting to be informed that he had completed his work there, Castor ordered another laborer under his control to wheel a load of brick upon the upper platform of the elevator, which was then at the eighth floor. The jury have found that this was negligence, and we are of opinion that this finding was warranted by the evidence.

That this negligence must be imputed to appellants is, we think, clear.

Castor testified that he was foreman over appellee and Nelson. He denied knowledge of appellee's undertaking to repair the elevator, and asserted that, on the contrary, appellee had, by his direction, gone to the second floor just previous to the injury, to unload brick from the elevator.

The relation of both Stesler and Castor, as vice-principals of appellants, is clearly established. The conflict is as to whether Stesler had sent appellee to work upon the elevator, with the knowledge of Castor, or Castor had sent appellee to the second floor to assist in unloading brick. The jury were warranted in believing the testimony of Stesler and appellee in this behalf.

It is also contended that appellee was guilty of contributary negligence by reason of using the elevator to go from the main to the second floor, because employes were forbidden to use the elevator for carriage from floor to floor. This contention is of no force. For, in this instance, if appellee and the superintendent are to be believed, appellee was upon the elevator, not as a passenger, but by express direction of the superintendent, and for the purpose of repairing the elevator, its guides and approaches. Stesler, the superintendent, testified:

" I ordered him to put that elevator in shape. * * * I told him to go down and get on the cage and see that it was in proper shape. * * * I told Castor * * * that Bourdages would let him know when the machine would be in proper shape, and then I told Bourdages to let me know when he had done with his work on the machine."

Neither in this respect, nor in any other, could the jury have reasonably found that appellee was guilty of negligence upon his part.

It is further contended that because just before the machinery was started which moved the two platforms of the elevator, some person, undisclosed, rang a bell, which was a signal for starting, therefore the ringing of the bell was the cause of the injury to appellee, and by the same reasoning, the action of Castor in ordering the brick loaded

Wells v. Bourdages.

upon the upper platform was not the cause. But the jury were warranted in finding that the efficient and proximate cause of the injury was the negligence of appellants, through Castor, in beginning to place brick upon the upper platform of the elevator before he had received any notice that appellee had finished his work upon the part of the elevator below. Castor had begun the loading of the upper platform before the bell rang. The ringing of the bell could have done no harm but for the premature loading of the upper platform. With or without a bell, it was proper that the engineer should move the elevator to take appellee up and down in the course of his work in repairing the guides of the elevator. It is not disclosed by the evidence how the bell happened to be rung. If it could be said that without the unauthorized and negligent ringing of the bell the engineer would not have continued moving the elevator as before to enable appellee to pass up and down the shaft in making his repairs, still the fact would not control the conclusion reached. For the ringing of the bell as a concurring cause would not relieve appellants from the result of their negligence, which, if Stesler and appellee are to be believed, was, after all, the efficient and proximate cause of the injury. Had there been no negligent attempt to hurry the loading of the upper platform before appellee had finished his work below, the injury could not have occurred. That other causes concurred is not controlling. North Chicago St. R. R. Co. v. Dudgeon, 83 Ill. App. 528.

We see no escape for appellants from the liability fixed upon them by the judgment in this case.

The decisions cited by counsel in cases where the injury has resulted from perils which were the necessary accompaniment of a process of tearing down or constructing a building do not apply. Clark v. Liston, 54 Ill. App. 578, and Richardson v. Anglo-American Co., 72 Ill. App. 77, are cited in this connection. But in those and like cases the hazard lay in the incomplete and constantly changing conditions of construction or tearing down.

Here the peril was in the negligence of one of the two

vice-principals of the employer, who, after the employe had been directed to a place of danger, by explicit order, caused the danger to result in an injury.

No complaint is made as to matters of procedure. It is not argued that the amount of the recovery is excessive.

The judgment is affirmed.