## Chicago Edison Co. v. James Davis.

1. MASTER AND SERVANT—*Where the Law Requiring the Master to Furnish a Safe Place for the Servant to Work Does Not Apply.*—The general rule that it is the duty of the master to use ordinary care to provide a reasonably safe place in which the servant may do his work, is not applicable where the servant has been expressly engaged to do work the nature of which is destructive of the building or structure upon which he is employed.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed. Opinion filed February 19, 1901.

**Statement.**—This is a suit for personal injuries.

Appellee was, according to his counsel's statement, in the employ of appellant as "a general laborer around the works." The latter was at the time dismantling its plant at the place where the accident occurred, and removing the machinery. This work had been going on for some two weeks, and according to testimony introduced in his behalf, appellee had been engaged with others tearing down and carrying out machinery and pipes. The afternoon of the accident he was directed to assist in loading a wagon with boiler plates and other material taken from a battery of boilers in process of demolition, preparatory to removal. After loading what was lying on the ground, appellee, with others, was directed to get up on top of the boilers and throw down the material which had been taken off and left lying up there. The boilers in question were arranged on opposite sides of a passageway about fifteen feet wide. The top was reached by a stairway leading to a narrow platform extending along the front of the boilers on either side and across the east end of the space or passageway between them. The east side of the connecting platform was originally occupied by the " breeching," so-called, being a horizontal flue or smoke-stack composed of plates of sheet iron. This " breeching," as well as other movable material connected with the boilers, including guard rails to the platforms, had been taken off, and constituted in part the material to be thrown down. Appellee went as directed, in company with some of his fellow-workmen, to the top of the boilers, using the stairway for that purpose. His statement of the manner in which he was injured is that he picked up one end of a sheet of boiler iron, of which a fellow-workman took hold of the other end, to throw it down; that he walked backward upon the brick surface covering the top of the boilers and across the narrow platform, and fell off. In other words, he walked off backwards.

The negligence charged in the declaration is that, knowing the danger, appellant left the side of the platform open and unprotected, whereby appellee was injured. The case

was submitted to a jury, who returned a verdict in favor of appellee. Judgment was entered on the verdict, from which this appeal is prosecuted.

AMERICUS B. MELVILLE and FRANK J. CANTY, attorneys for appellant.

GANN & PEAKS and CREWS & CREWS, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is contended that the undisputed facts show there was no negligence on the part of appellant, as a matter of law, and that there can be no liability.

The ground upon which appellee's attorneys insist the judgment must be sustained, is the alleged failure of the master to furnish appellee a safe place in which to work. The particular failure in this respect is claimed to have been the removal, without notice to appellee, of the "breeching" which had constituted a barrier on the east side of the platform where appellee fell off. While there is a statement in the declaration that "it was so dark there that he (appellee) was unable to see the aforesaid danger to himself," it is not charged that this was owing to any negligence of appellant.

The general rule that it is the duty of the master to use ordinary care to provide a reasonably safe place in which the servant may do his work, is not applicable at all times where the servant has been expressly engaged to do work, the nature of which is destructive of the building or structure upon which he is employed. Clark v. Liston, 54 Ill. App. 578; Richardson v. Anglo-American Provision Co., 72 Ill. App. 77; Mueller v. Schwecht, 62 Ill. App. 622; see also Armour v. Hahn, 111 U. S. 313.

The "breeching" which had guarded the side of the platform, in the case before us, had been removed in the progress of the demolition of the boilers. But this was the work for which appellee had been employed, and which he states he had been doing. He assumed, in accepting the

service, whatever increased hazard might be caused by reason of insecure conditions growing out of the tearing down. The purpose of the work was such as necessarily to remove protecting guards and barriers. Whatever increased danger was thereby caused became the natural, ordinary and obvious risk incident to the business. "Some risks are so obvious that notice of them will be presumed." Wharton on Negligence, 206. Where the servant knows of the danger, or by the exercise of ordinary care would have known it, he assumes the ordinary perils of such occupation. McCormick Machine Co. v. Burandt, 136 Ill. 170 (177); Simmons v. Chicago & T. R. R. Co., 110 Ill. 340 (347); Westville Coal Co. v. Milka, 75 Ill. App. 638.

In the case at bar appellee had notice of the risk. He knew that the work of taking down the boilers and appurtenances had been in progress more or less continuously for several days at least. He had assisted in it, had taken off some valves and removed certain flues. He knew that the material he was loading upon the wagon just before he was hurt had come from these boilers, for he says so. He knew, or by ordinary care should have known, when sent up on top to throw down material to be hauled away, that it had been taken from the place where he was working. He knew that such place was not in its ordinary condition, and that he could not rely upon its being a safe place in which to move about without care. This hazard he assumed. The master can not be required to provide a place, safe at all times, for workmen who are expressly employed to make it unsafe by tearing down the structure upon which they are at work. The conceded facts do not support the charge of negligence in the declaration.

It is urged that it was the duty of the master to warn appellee of the removal of the "breeching" when he was ordered up there to work. But he was warned by the nature of his employment. As said in McCann v. Kennedy, 167 Mass. 23, "it would be impracticable to require employers to warn their men of every transitory risk, when the only thing the men do not know is the precise time when

the danger will exist." Appellee was not injured by obey-
ing the direction of his foreman to go up and throw down
the boiler plates. He could have done that with perfect
safety, as did his associates, without falling off the plat-
form. He was directed to do only what was in the line of
his employment.

It is sought to excuse appellee's apparent lack of ordi-
nary care in walking off the edge of the platform backward
by evidence tending to show that the place where he was
at work was dark. But his fellow employe, who had hold
of the other end of the same boiler plate four or five feet
away, testifies that he saw when appellee was about to step
off, and "hollered" to him. This testimony is not disputed.
It was not then so dark but that appellee could have
avoided falling off had he looked to see where he was
going. But he walked off backward without looking. The
general rule is that in order to recover for injuries from
negligence, it must be alleged and proved that the injured
party was at the time observing due or ordinary care for
his personal safety. Calumet Iron & Steel Co. v. Martin,
115 Ill. 358 (368) and cases cited.

Appellant at the conclusion of the plaintiff's case and
again at the close of all the evidence, requested the court
to direct the jury to find appellant not guilty. See Boyle
v. I. C. R. R. Co., 88 Ill. App. 255 (257). Such an instruc-
tion should have been given. It is obvious that appellee is
not entitled to recover. The judgment of the Circuit Court
must be reversed.