## Swift & Company v. Louis E. Larson.

### Gen. No. 13,890.

CONTRIBUTORY NEGLIGENCE—*when person injured while at work upon scaffold guilty of.* A carpenter of years of experience who goes upon a scaffold apparently and obviously in process of dismantlement, is guilty of contributory negligence which will bar his recovery where his injury results from the condition of such scaffold.

Action in case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. A. H. FROST, Judge, presiding. Heard in this court at the October term, 1906. Reversed, with finding of fact. Opinion filed October 3, 1907.

WINSTON, PAYNE & STRAWN, for appellant; JOHN D. BLACK and MAX H. WHITNEY, of counsel.

ANDERSON & ANDERSON, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment rendered upon the verdict of a jury for $1,800 against appellant.

It is assigned for error and urged upon us in argument as grounds for reversal with finding of fact, that first, there was no negligence of any kind on the part of appellant; second, the dangerous condition of the scaffolding, if it was dangerous, was open and apparent and one of the assumed risks of appellee's employment; and, third, appellee was guilty of gross negligence in the manner of doing the work, which gross negligence contributed to his injury.

Appellee was by trade a carpenter with an experience of thirty-nine years at his trade. He was, at the time of the occurrences involved in this litigation, employed by appellant to do whatever odd jobs and carpenter work the foreman of appellant might request in and around a structure in process of erection for appellant, to be used when completed as an office building. There were employed in the

construction independent contractors on the different parts of the building, according to the trades and mechanics usual and necessary to be employed in the gradual progress of the erection of the building from foundation to roof and interior work and embellishments. Among these was a contract plasterer named Sutton, who contracted with appellant to do, and at the time in question was engaged in doing, the plastering of the building. Sutton's workmen built the scaffolding from which the plasterers worked in plastering. This scaffolding was moved from time to time by Sutton's workmen from the floor where the plastering was finished to the next floor to be plastered, and was also used generally by the workmen in the different trades who needed it for the time being. At the time of the accident a fellow workman of appellee, Riechling by name, told appellee that the foreman had told him that he and appellee should close the windows on the third floor because a storm was coming up. Appellee made no objection, but assenting immediately went with Riechling to the third floor and they commenced closing the windows in the northwest corner, working east along the north wall. There was no scaffolding in that part of the room because the plastering at that point had been completed and the scaffolding had been removed for service on the next floor, but in other parts of the room portions of the scaffolding still remained and were in process of being dismantled for removal to the next floor. The window sills were about four feet from the floor level, the windows being hung on hinges opening outward. There was a hook or cleat at the top and bottom of each window. Riechling, as they proceeded, fastened the lower hook or cleat, and appellee the top one, he being "boosted" up by Riechling from the window sill on which he stood to enable him to do so. When they reached the scaffolding which was still along part of the north wall of the east side of the room there was a space of between 18 inches and 2 feet between the scaffold and the wall, and for some distance they did their work while standing within this space in the same manner as they had done on the north wall. Appellee climbed on top

of the scaffold, while Riechling continued his work from the floor. In this way they continued their work until about fifteen more windows had been closed. Appellee swears that he walked along about three lengths of this scaffold when one of the planks tipped and he was precipitated to the floor and injured.

Appellee admits he did not notice the condition of the boards on the scaffold at the time he climbed upon them, neither did he know the condition of the board that tipped, causing him to fall when he stepped upon it, nor did he take notice of any other part of the scaffold. If appellee had observed the scaffold, he would have noticed that it was in process of being dismantled, that many of the planks had been removed and others disturbed, and that what remained of the scaffold was set back at varying distances from the wall and not near enough to it for plasterers to work from. The plank from which he fell lay loose upon the supports, and a cursory examination would have disclosed to him the fact that it was loose and dangerous to step upon. The planks forming the scaffold were set up on trestles, which were furnished by the foreman of appellant, but the boards were laid by the workmen of the plastering contractor, Sutton.

We think the greater preponderance and weight of the evidence establishes as a fact that the scaffold from which appellee fell and was injured at the time of the fall was in process of being dismantled, and that such fact was obvious to the most casual observer; also that appellee was guilty of a degree of negligence in not observing the condition, so patent to a careful person, which contributed to and made possible the accident, and that as a carpenter of so many years' experience he must be held to have possessed knowledge sufficient which, in the exercise of due care, would have enabled him to have avoided the accident and consequent injury. Appellee was therefore guilty of contributory negligence which, under the well-settled rule of law in this State, inhibits him from maintaining an action for damages resulting from injuries thus brought upon himself.

I. C. R. R. v. Swift, 213 Ill., 307; Wilson v. I. C. R. R., 210 Ill., 603.

Appellee had frequently worked for appellant. He had worked in the erection of several scaffolds about the building in which the accident occurred. He was familiar with their construction. He knew the purposes for which they were used and the persons who used them. He knew that they were constantly being moved from one part of the building to another as the work in hand progressed toward completion from floor to floor. He is charged with knowledge of the dangers to be encountered in stepping upon a loose board, and with the further knowledge that in the process of dismantling loose boards were liable to be encountered. He chose his own way of doing his work; he chose a dangerous method when a safe one was at hand. He must be held to have assumed at least the risk attendant on the less safe way in which he chose to proceed with his work when a safer way was equally as available.

The rule governing appellee is that stated in C. & E. I. R. R. Co. v. Heerey, 203 Ill., 492, where the court say: "It is the rule that an employee of sufficient age and experience is chargeable with knowledge of the ordinary conditions under which the business is conducted and its ordinary risks and hazards, and will be presumed to have notice of and to have assumed all such risks and hazards which to a person of his experience and understanding are or ought to be patent and obvious." McCormick Harvesting M. Co. v. Zakzewski, 220 Ill., 522.

Appellee was chargeable with notice that the scaffolding was in process of being taken down, and the rule announced in Chicago Edison Company v. Davis, 93 Ill. App., 284, is applicable here; there the court say: "Appellee had notice of the risk. He knew that the work of taking down the boilers and appurtenances had been in progress more or less continuously for several days at least. He knew, or by ordinary care should have known, when sent up on top to throw down material to be hauled away, that it had been taken from the place where he was working. He knew that such place was

not in its ordinary condition, and that he could not rely on its being a safe place in which to move about without care. This hazard he assumed."

Appellee should have known, in the exercise of due care, that the scaffold in its apparent condition was not a safe place from which to work, and when he carelessly and negligently hazarded the risk of working from it, he assumed that risk and absolved his employer from any responsibility to him from accidents which might befall him.

The proof conclusively shows that the scaffolding and the plank which tipped with appellee and from which he fell, were not constructed nor placed by appellant, but by an independent contractor, Sutton, the plasterer. This is a fact appearing from appellee's proof. In working upon the Sutton scaffold without any order or direction from appellant, no liability rests upon appellant for injuries to appellee occasioned by any defect in that scaffold. No negligence for defects in contractor Sutton's scaffold, under the evidence in this record, is imputable to appellant. Fitzpatrick v. C. & W. I. R. R., 31 Ill. App., 649; Hale v. Johnson, 80 Ill., 185.

The facts indisputably show that appellee was not in the exercise of due care at the time of the accident, and that he assumed the risk, and that the scaffold from which he fell was made by Sutton, an independent contractor, and not by appellant, and that appellee was not directed by appellant to either go upon or use the scaffold. No useful purpose can be served by remanding the cause for a new trial, as it is evident that were this done no better or stronger case upon the facts could be made upon another trial than was made upon the trial from which this appeal comes.

For the errors indicated the judgment of the Superior Court is reversed with a finding of fact.

*Reversed with finding of fact.*