THE EAST ST. LOUIS ICE AND COLD STORAGE CO.

*v.*

JOHN W. CROW.

*Filed at Mt. Vernon January 14, 1895.*

NEGLIGENCE—*contributory—when freedom from is not proved.*  Freedom from contributory negligence by a plaintiff is not established, in an action for personal injuries received by stepping into a large hole in the floor of a barge while unloading it, where it appears such hole was clearly apparent and that the plaintiff had been working near it some hours, although he testified he did not know the hole was there.

*East St. Louis Ice and Cold Storage Co.* v. *Crow,* 52 Ill. App. 373, reversed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding.

CHARLES W. THOMAS, for appellant.

JESSE M. FREELS, and ALEX. FLANNIGEN, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment in favor of appellee, against appellant. The action was begun in the city court of East St. Louis. The cause of action set forth in the declaration is, that plaintiff was in the employ of the defendant in November, 1892, unloading rock from a certain barge on the Mississippi river, at East St. Louis; that it was the duty of defendant to provide him a safe place in which to work; that the barge upon which he was required to perform the labor in which he was engaged, had in its floor a large and dangerous hole, of which the defendant knew or by the exercise of ordinary care might have known; that while the plaintiff was engaged in

such work, exercising due care for his personal safety, he fell into said hole and was injured.   The plea was not guilty.   The jury returned a verdict against the defendant, fixing plaintiff's damages at $2000, and on that verdict, after denying defendant's motion for a new trial, the city court entered judgment.

Upon the conclusion of the plaintiff's testimony, and again after all the evidence was in, the defendant asked the court to instruct the jury to find the defendant not guilty, both of which requests were refused.   One of the reasons stated in the motion for a new trial was the refusal to give that instruction, and overruling the motion for a new trial is assigned for error.   Therefore whether the trial court erred in refusing to take the case from the jury is presented for our decision as a question of law.

Appellant insists that there was no evidence before the jury fairly tending to prove due care on the part of the plaintiff to avoid the injury for which he sues, and for that reason its request to instruct them to find for the defendant should have been given.   We have carefully examined all the evidence in this record, and are unable to deduce from it a satisfactory answer to this contention.   The barge upon which the injury was received was brought to the place where it was being unloaded the evening before.   It is not claimed that appellant had actual knowledge of its alleged dangerous condition, but only that by ordinary care it might have had such knowledge.   The case attempted to be made against it is therefore strictly one of negligence, and the plaintiff could only recover by proving that he himself was, at the time he received his injury, in the exercise of due and proper care, and also that the defendant was guilty of the alleged negligence.   If the injury was the result of obvious defects in the barge where he was working, or from causes known to him, or which he might have known in the exercise of due care, he cannot recover.   Wood on Master and Servant, sec. 382, and cases cited; *Pennsyl-*

*vania Co.* v. *Lynch,* 90 Ill. 333; *Simmons* v. *Chicago and Tomah Railroad Co.* 110 id. 340.

The barge in question belonged to a quarry company, and was taken by it to the place where it was being unloaded.   Plaintiff and others in the employ of the defendant began work upon it at seven o'clock in the morning, and he was injured about half-past ten o'clock in the forenoon.   The unloading was done by carrying the rock to the edge of the barge and throwing them into the river.   Plaintiff, as he claims, picked up a rock and stepped backward into the hole, not seeing it or knowing it to be there.   It is described by the different witnesses as being a square opening in the floor, some calling it a hatchway and others saying it was not.   Some describe it as being two or three feet square, but plaintiff and others say it was from one foot to eighteen inches square. It was near the east side, toward the north end, as the barge lay on the east bank of the river.   A space eighteen inches wide around the outer edge of the barge was left clear, for convenience in operating it, the remaining portion of the floor being covered with the stone about two feet in thickness.   The hole extended out into the open space, and the rock were placed on the inner side of it, as one of the plaintiff's witnesses says, so they would not drop into it.   There is no conflict in the evidence as to the fact that the plaintiff had, during the morning, been working near that place, and the testimony of all the witnesses, including that of the plaintiff himself, is to the effect that the hole was plainly visible to any one situated as plaintiff was, who would exercise the slightest diligence; that the danger from it, if any, was patent, and could have been readily discovered by the use of due care.   Why plaintiff did not see it, if he did not, and what care he used to avoid stepping into it, he does not explain.   All that can be made out of his evidence, and that of other witnesses on his behalf, is, that he did not know the hole was there and that he fell

into it.   In answer to the question by his counsel, "Well,
what happened to you?" he answered, "I slipped and fell
in a hole that was in the deck of the barge, and fell with
my back on some rock, and the rock I had in my hands
fell on my bowels, here."  He then described the hole
and its location on the deck, and said he did not know it
was there until he fell, but made no explanation what-
ever as to why he had not previously seen it.   Those
working with him, having the same opportunity to see
it that he had, had no difficulty in discovering it.  In fact,
we think the fair inference from all the testimony is,
that plaintiff, when he says he did not know the hole
was there, means only to say that his attention was not
directed to it at the immediate time of the accident, for
in answer to the question by counsel for defendant, "If
the hole had not been covered with stone you certainly
would have seen it in three hours," he said :  "I couldn't
tell you; I might have seen it and wouldn't notice it."
At all events, the testimony all tends to prove that if he
had used his faculties with even slight diligence he could
not have failed to discover the alleged danger, and
avoided it.   It seems to us unreasonable to say, from the
evidence in this record, that the defendant should be held
liable in damages for the defect in the barge, upon the
ground that it was chargeable with notice that the defect
existed, and at the same time hold that plaintiff should
not be charged with like notice.   His opportunities for
seeing the hole are clearly established by the evidence,
while there is no direct proof that any employee of the
defendant had such an opportunity.

   Some criticism is made upon the ruling of the court
in giving and refusing instructions, but in our opinion the
judgment below must be reversed upon the ground that
there is an entire absence of proof of the material alle-
gation in plaintiff's declaration that he was himself, at
the time of receiving his injury, in the exercise of due

care, and for that reason the trial court erred in refusing to instruct the jury to find for the defendant.

The judgments of the Appellate Court and the city court of East St. Louis will be reversed, and the cause will be remanded to the city court of East St. Louis.

<em>Reversed and remanded.</em>

155   78
160   628

155   78
162   493

155   78
170   114
170   524

155   78
80a   442
80a   496

155   78
91a   465

155   78
93a   215

155   78
190   ⁴141

155   78
d109a³498

155   78
211   131
211   517

155   78
115a   542