## Swift & Co. v. James Campbell.

1. CONTRIBUTORY NEGLIGENCE—*Precludes a Recovery.*—Where a laborer employed in a packing house pushing loaded tanks upon an uneven and slippery floor has knowledge of the condition of the floor and without complaint continues his work over the uneven and slippery floor, he must be held to have assumed the hazards of his employment and guilty of contributory negligence.

2. MASTER AND SERVANT—*Knowledge of Defects.*—Where defects are as well known to the servant as to the master he will be held as voluntarily assuming the risks of his employment unless coerced by .the master to do the work in which such risks are incurred.

Trespass on the Case, for personal injuries. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the February term, 1901. Reversed, with a finding of facts. Opinion filed September 4, 1901.

**Statement.**—This is an action brought by appellee to recover for personal injuries alleged to have been received while in the employ of appellant.

The declaration consists of one count.

The negligence charged is that defendant failed to use reasonable and ordinary care to see that the floor on which plaintiff worked was properly constructed, in good repair and safe condition for the plaintiff to work upon; that defendant negligently permitted the room in which plaintiff worked to be insufficiently lighted and the floor to be and remain in a greasy, slick, defective and unsafe condition, with holes and uneven places in its surface; that the defendant had notice of all these defects and that the plaintiff had no notice.

It further alleges that plaintiff was engaged in running a truck with a tank built on it to hold pickle; that said truck and contents weighed five or six hundred pounds; that the plaintiff while exercising due care and caution was pushing the truck along a passage-way, that by reason of the aforesaid negligence of the defendant, the truck ran forward into a hole or depression in the floor, slid to one side and struck a vat, thereby throwing the plaintiff off his

feet, straining, rupturing and greatly and permanently injuring him, etc.; that he expended and became liable to pay $500 for medicine and medical treatment; that he has sustained damages to the amount of $5,000.

Appellant pleaded the general issue.

The jury found for appellee and fixed his damages at $2,750. The court denied motion for a new trial, to which appellant excepted, and then gave judgment on the verdict for appellee, from which judgment is this appeal.

A. & J. F. LEE and C. E. POPE, attorneys for appellant.

W. P. LAUNTZ and FREELS & JOYCE, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

The evidence shows that Swift & Co., a corporation, operated a slaughter and packing house. Appellee had been employed for three weeks prior to the alleged injury as janitor. His duties as such, consisted in cleaning one floor of the building in which he worked, with a long handled scraper or mop, by pushing the instrument over the floor. He also had charge of the lights and turned them on and off when required. This room of the building was divided into passage-ways, commonly referred to as sections, which were about four feet wide. There were electric lights along each section. Through these passage-ways trucks loaded with brine or pickle were pushed to the vats. The floor, by use, had become somewhat worn, rough in places, and with depressions at places, caused by the truck wheels. The depression where the accident occurred was about an inch deep. The escape of the brine on the floor as it was wheeled along in the trucks made it slippery.

Appellee had worked as janitor two hours on the day the accident occurred. He was then ordered by a foreman of appellant to assist in trucking from place to place in this same room. He had at other times assisted in trucking. While pushing with his shoulder against a box on a truck

three and one-half feet long, twenty-two inches high and twenty-two inches wide, with two large wheels in front and one behind, along section one, he says he ran it into a vat by reason of one of its wheels running into a depression or worn place in the floor. In attempting to save himself from striking the vat with his head, appellant was jerked or fell to the floor, whereby he alleges he received the injuries for which he claims damages. No one but appellee saw the accident. He testifies: "My duty in this room was to see that it was kept clean and in good condition and to turn on and off the lights." He had cleaned the passage-way where the accident occurred between seven o'clock A. M. and half past nine A. M., the time at which it occurred. He testifies:

"This was my third load up section one that morning. I had trucked off and on for three days prior to the injury. I was going up section one; it was a hard push; I had my shoulder on the box pushing it; about fifteen feet from the vat it came to an uneven place, a hole you might call it; the truck slid off and hit the vat and throwed me off my feet by my trying to catch myself to keep from hitting the corner of the box. That is where I got my injury, simply by slipping and falling down. The floor was slippery; my feet spread out. The truck hit a high place and slid off and hit the vat. * * * After making two trips and seeing the floor was dirty, I did not stop to clean it. * * At the place of the accident the light was pretty fair. * * * I did not see the hole until after the accident occurred. I could have seen it if I had noticed it. There were lights enough there, but I did not see it, simply because I did not notice it. I could have seen it when I swept if I had noticed it. * * * The hole was an inch deep; it was worn in the floor. Around the hole, it was like other places in the floor; it was rough. I had seen all that when I swept the floor. I did not call the foreman's attention to it. A man with any eyes at all could see it. * * * I don't know whether I could have kept away from that hole or not if I had known it was there. I went around that certain place the other two times. It was the usual place where these trucks were shoved. * * * The hole, or high place, or low place, whatever you call it, was on the right-hand side of the passage-way; it was about two feet wide."

Canty, a fellow-laborer, called as a witness by appellee, testifies:

"I saw the place where this man was injured. There was a slope from the hole to the vat. The slope runs about middle way toward the vat. I saw this hole before and after the accident."

Assuming that there were rough places and holes or depressions in the floor, as charged in the declaration, it is apparent from the nature of appellee's employment for three weeks, in cleaning these passage-ways by pushing a scraper over them, not only daily, but several times a day, that he must have known their condition. He testifies that they were fairly lighted, and that "any one with eyes could have seen the hole." Canty, a fellow-laborer, saw it before the accident. Yet appellee made no complaint and gave no notice. The risk of a loaded truck swerving, or slipping upon a depression in one side of its track, is not a risk that requires expert knowledge to detect. It would be as apparent to a common laborer who shoved trucks, as to his employer. If then, appellee, having knowledge of the condition of the floor, continued without notice or complaint to work there, shoving trucks over it, he must be held to have assumed the hazards of his work, and to have been guilty of contributory negligence. East St. L. Ice Co. v. Crow, 155 Ill. 74; Karr Supply Co. v. Kroenig, 167 Ill. 560; Swift & Co. v. Rutkowski, 67 Ill. 209; Stafford v. C., B. & Q. R. R. Co., 114 Ill. 247, and cases therein cited.

When defects are as well known to the servants as to the master, the servant will be held as voluntarily assuming the risks, unless coerced by the master to do the work in which they are incurred. C., B. & Q. R. R. Co. v. Smith, 18 Ill. App. 119; The Pennsylvania Co. v. Lynch, 90 Ill. 333.

We have considered the case thus far upon the assumption that appellant was negligent as charged in the declaration. These charges are, in substance, that appellant "permitted the room to be insufficiently lighted, and the floor to be in a greasy, slick, defective and unsafe condition, with holes and uneven places in its surface."

The testimony of appellee shows that the room was fairly lighted, he taking care of the lights himself. That from the work carried on, pickle and brine would be at times slopped on the floor, making it slippery, and that it was his duty to keep it clean. His testimony as to the immediate cause of the truck's swerving from the track is not clear.

To use his language:

"The hole was an inch deep. It was worn in the floor. * * * Around the hole, it was like other places in the floor; it was rough. I had seen all that when I had swept the floor. * * * The hole, or high place, or low place, or whatever you may call it, was on the right-hand side of the passage-way."

Taking this description of the locality as given by appellee, it may well be doubted if it proves the negligence charged in the declaration. But conceding that it does, it clearly appears that appellee knew the conditions and accepted them without notice or complaint to appellant.

Under this state of facts appellee can not recover.

The abstract shows that exception was taken to remarks of counsel for appellee in his closing address to the jury. As this case is reversed upon other grounds, it is not necessary to quote said remarks as they appear in the bill of exceptions. Suffice it to say, they were highly improper and tended to prejudice the jury, and in a close case, would of themselves be sufficient to cause a reversal. Judgment reversed.

**Finding of Facts.**—We find, as an ultimate fact, that at the time of the injury appellee was not in the exercise of ordinary and reasonable care, and that his negligence contributed to the injury complained of.