John D. Casey, Administrator, Appellee, v. J. W. Reedy Elevator Mfg. Company, Appellant.

Gen. No. 14,085.

1. MASTER AND SERVANT—*when appliances supplied not such as to justify recovery for injury sustained.* If a servant, knowing the hazards of his employment, as the business is conducted, is injured while engaged therein, he cannot maintain an action against the master for the injury merely on the ground that there was a safer mode in which the business might have been conducted, the adoption of which would have prevented the injury.

2. EVIDENCE—*what not competent to prove safety or danger of manner of performing particular work.* Certain evidence introduced in this case, *held*, incompetent upon the question as to whether the manner of performing the work, which resulted in the accident complained of, was reasonably safe or was dangerous.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Reversed and remanded. Opinion filed July 14, 1908.

Casey v. Reedy Elevator Mfg. Co., 142 App. 126.

EASTMAN, EASTMAN & WHITE, for appellant.

EDWARD J. GREEN and CHARLES C. SPENCER, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $5,000 recovered by the administrator of Carl J. Kokum, in an action on the case for wrongfully causing the death of Kokum.

The owners of a certain five story building in Chicago in which was a steam freight elevator were engaged in adding two stories to the building. Defendant contracted with the owners to extend the elevator to the top of the new part of the building, and to replace the steam operating machinery with electrical machinery and appliances necessary for the operation of the elevator by electricity. Plaintiff's intestate was one of four or five men employed by defendant to work for defendant at said building. The additional stories were built, and at the top of the new elevator shaft the defendant put in the sheaves over which the steel elevator cables were intended to pass. The new cables were passed over the sheaves and their loose ends lashed to the beams at the top of the shaft, ready to be attached to the cab. The cab was at the fifth floor of the building and the defendant decided to raise it to the top of the shaft and attach the cables to it. For that purpose a chain tackle was used. The upper hook of this tackle was hooked into a rope sling passed over a beam at the top of the shaft, and the lower hook was hooked into a rope sling passed around the steel or iron cross-beam of the cab. The deceased stood on this cross-beam and two men above him pulled on the chain-tackle to raise the cab. While raising it, in the manner stated, the rope sling around the cross-beam of the cab parted, and the cab, with Kokum on the cross-beam, fell to the ground and by the fall he was killed.

On the trial the plaintiff was permitted to prove, over the objections of the defendant, that Jallings, defendant's superintendent, told Johnson, who was in charge of the men in the service of defendant at the building, and who worked with them, to run the machinery, by which the cables were intended to be operated, backward and bring the ends of the cables from the top of the building down to the cab to attach them to the cab; that the connection could have been made in that manner, and that the new cables would sustain a weight of 17,000 pounds.

In this we think the court erred. It was decided to raise the cables from the fifth floor to the top of the building by means of the chain tackle. This the deceased knew. He selected the rope sling which was passed around the cross-beam of the cab, and he passed that sling around the beam and hooked the chain tackle into the sling.

The question for the jury was not, whether the cab could have been raised more safely by using the cables and electric power than by hand with the chain tackle, but was, whether having decided to use the chain tackle, the defendant was guilty of the negligence charged in the declaration in the manner in which such tackle was used and employed.

"If a servant, knowing the hazards of his employment, as the business is conducted, is injured while engaged therein, he cannot maintain an action against the master for the injury merely on the ground that there was a safer mode in which the business might have been conducted, the adoption of which would have prevented the injury." Simmons, Admx., v. The Chicago & T. Ry. Co., 110 Ill. 340-347.

The testimony referred to did not tend to prove any allegation of the declaration nor any ground of recovery. It was not admissible as part of the *res gestae*. Three witnesses, Grady, Moork and Jallings, testified, over the objection of the defendant, that Jallings told Johnson to bring down the ends of the cables

to the cab at the fifth floor and hitch them to the cab and raise it the other two stories by the new machinery, and each gave testimony tending to show that it could have been raised in that manner more safely than with the chain tackle. This testimony was not alone irrelevant, but tended to confuse and mislead the jury, and its admission, in our opinion, was reversible error.

For that error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*