**Albert C. Henke, Appellee, v. Deere & Mansur Co., Appellant.**

### Gen. No. 5,655.

1. EVIDENCE—*when photograph admissible.* A photograph stands on the same footing as a diagram or map and is a legitimate mode of proving conditions which can be thus represented.

2. EVIDENCE—*preliminary proof as to correctness of picture.* Preliminary proof of the correctness of a picture is addressed to the court, and as a rule its discretion is not subject to exception.

3. EVIDENCE—*when photograph may be misleading.* A photograph of a machine taken soon after an injury thereon may be misleading where a machinist and another appear in the same relative positions which such machinist and the person injured occupied at the time of the injury.

4. EVIDENCE—*when photographs competent*. Photographs of a machine and its surroundings made by an experienced photographer, about three hours after an accident before any changes were made are competent and valuable where the negligence charged involves the machine and scrap iron on the floor about it.

5. EVIDENCE—*harmless error*. Error in excluding photographs need not reverse where they were only supplemental to the oral testimony.

6. EVIDENCE—*when exclusion of testimony as to wages after accident reversible*. In an action for injuries to a minor's hand, exclusion of statements by him as to what he has earned since the accident is reversible error when offered by defendant since such evidence tends to show the extent his earning power may be impaired after his majority.

7. INSTRUCTIONS—*referring to facts and circumstances appearing on the trial*. In an action for personal injuries, an instruction to the effect that if the jury believe from the evidence and the facts and circumstances appearing on the trial that the plaintiff knew, or by reasonable care might have known, of the hazard at and immediately prior to the time of accident he cannot recover, though they believe from the evidence and facts and circumstances appearing on the trial that there was a safer way of conducting the business plaintiff was engaged in that might have prevented the injury, is properly refused, though if the misleading element, which refers the jury to the facts and circumstances appearing on the trial, is omitted the instruction is correct.

Action in case for personal injuries. Appeal from the Circuit Court of Rock Island county; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed October 15, 1912.

PEEK & DIETZ, for appellant.

JOHN K. SCOTT, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

On July 31, 1909, appellee, then 16 years of age, was working as a machinist's helper at an iron shearing machine in the shops of appellant. In passing an oil can with his left hand to the machinist, he slipped upon some iron scraps that had accumulated about the machine, and in endeavoring to save himself from fall-

ing, thrust his right hand into the gears of the machine and received injuries necessitating the amputation of the first and second fingers and the first joint of the third finger. He sued appellant to recover for such injuries. The declaration described the machine and alleged that appellee was directed to assist in operating it; charged appellant with the duty to provide appellee with a safe machine to work upon, and safe surroundings; averred that appellant negligently permitted scraps to accumulate about the machine and negligently left the gears unguarded and negligently failed to warn appellee of the danger, and while he was in the exercise of due care and caution for his own safety, his foot slipped upon the scrap and he unavoidably placed his hand in the machine. A plea of not guilty was interposed. Upon a trial, appellee obtained a verdict for $5,000. A motion for a new trial was overruled, judgment was entered on the verdict, and this appeal is prosecuted to review the judgment.

The case must be remanded for a new trial, and we therefore refrain from an expression of any opinion upon the facts which might prejudice either party on the next trial.

Appellant offered in evidence and the court refused three photographs of the machine upon which appellee was hurt, designated in the record as "A," "B," and "C." Photographs stand on the same footing as a diagram, map, plan or model, and a photograph is a legitimate mode of proving conditions which can be shown by a representation of that sort. It rests to some extent upon the credit of the witnesses in the same way as a map, plat or plan. Greenleaf on Evidence (16th Ed.) 546. The preliminary proof of the correctness of the picture, the ability of the operator, and the accuracy of the instrument is addressed to the court, and as a rule its discretion thereon is not subject to exception. Cleveland C., C. & St. L. R. Co. v. Monaghan, 140 Ill. 474, 477, and cases there cited. The proof shows that the photographs in this case were taken by an experienced photographer about three

hours after the accident; that there were no changes in the machine or its immediate surroundings except in photograph "A" in which the machinist and another man appear in the same relative positions as the machinist and appellee were alleged to have been in at the time of the injury. It is possible that photograph "A" might have been misleading, but photographs "B" and "C" were competent and valuable evidence, as the negligence charged involves not only the machine but the presence of the scrap iron on the floor about it. In Lake Erie & W. R. Co. v. Wilson, 189 Ill. 89, the court said: "The photographs were an important means of proving the condition of the track, and, under the circumstances, we think the defendant had a right to have the jury see them in connection with the other evidence, and it was error to exclude them." Under the evidence and the authority of the Wilson case, *supra*, we think the court should have made an exception to the rule announced in 140 Ill. 477, *supra*, and admitted photographs "B" and "C" in evidence, but as they were only supplemental to the oral testimony, we would not reverse the judgment for that error alone.

Appellee testified in chief that after the injury he worked in several places; that he quit one place because he could not stand the work, but gave no reason for quitting the other places. He testified that he was earning $1.50 per day at the time of the accident, but was not asked what he earned after the accident. He was called by appellant and asked this question and answered that at one place he earned from $1.75 to $2.00 per day and at another place he earned $2.00 per day. An objection to this testimony was sustained. Appellee's counsel then moved to exclude the testimony and the court excluded the last answer and appellant excepted. By excluding only the last answer, the court did not exclude the answer that appellee earned $1.75 to $2.00 per day at one of the places, but it is clear from the statement of the court

"I don't see how it is admissible," that the court meant to exclude all the evidence on that subject and that it must have been so understood by counsel and the jury. It is true, as the court held, that at that time appellee was not entitled in law to receive his wages, but this evidence was clearly competent as tending to show to what extent his earning capacity might be impaired after he reached his majority, and we think its exclusion was reversible error.

Complaint is made of appellee's first instruction as modified and given by the court. One of the grounds of defense was the assumption by appellee of the risk of the employment. This instruction directed a verdict. It did not define the doctrine of assumed risk, but told the jury that they might find the defendant guilty if they believed from the evidence, among other things, "that the plaintiff had not assumed the risk of such injury as such assumption of risk is defined and set forth in any one of the four instructions next following." The instructions so referred to do sufficiently define the doctrine of assumed risk as applied to the evidence in this case. However, the instruction is faulty in that it assumes that appellant was negligent and does not require the jury to find whether or not the negligence of appellant was the proximate cause of the accident.

Complaint is also made of the refusal of appellant's 9th, 11th, 15th and 17th instructions.

The principles of law stated in the 9th, 11th and 15th were fully set forth in the other given instructions.

The refusal of the court to give appellant's 17th instruction, in our opinion, constitutes further error. The instruction was as follows:

"The court instructs the jury that, if you belive from the evidence and the facts and circumstances appearing on the trial, that the plaintiff, Albert Henke, at the time he was injured knew, or by the exercise of reasonable care might have known, of the hazard of his

employment while working for the defendant, Deere
& Mansur Company, at and immediately prior to the
time of the accident, then he cannot recover in this
case, even though you may believe from the evidence
and the facts and circumstances appearing on the trial
that there was a safer mode in which the business that
the plaintiff was engaged in at the time of the accident
might have been conducted, the adoption of which
mode might have prevented the injury."

This instruction invoked the defense that if appellee
knew the hazards of his employment in the manner the
business he was engaged in was conducted, he could
not recover merely because a safer method of con-
ducting the business might have been adopted, the
adoption of which would have prevented the injury. A
defense of that kind (stated generally) is a good one in
a proper case. Simmons v. Chicago & T. R. Co., 110 Ill.
340, 347; Stafford v. Chicago, B. & Q. R. Co., 114 Ill.
244; U. S. Rolling-Stock Co. v. Wilder, 116 Ill. 100;
East St. Louis Ice & Cold Storage Co. v. Crow, 155
Ill. 74; Elgin J. & E. R. Co. v. Myers, 226 Ill. 364;
Casey v. Reedy Elevator Mfg. Co., 142 Ill. App. 126.
The question whether there was an assumption by
appellee of the risk of being injured in the manner he
was, was an exceedingly close one in the case. But the
instruction referred the jury not only to the evidence,
but also to "the facts and circumstances appearing
on the trial," and the jury might be misled into sup-
posing that they were permitted to resort to some
other source than the evidence in determining the
facts. There are cases where an instruction of this
kind has been approved, but it has also been ques-
tioned and criticised where attacked on the ground
above stated. If the instruction had not contained
this misleading element it should have been given, but
for the reason stated we do not regard its refusal as
reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*